**Anthony Joseph CAMBIANO, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17408.**

United States Court of Appeals Ninth Circuit.

Sept. 16, 1961.

Anthony J. Cambiano, in pro. per.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Crim. Div., and Jo Anne I. Dunne, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY and JERTBERG, Circuit Judges, and MURRAY, District Judge.

PER CURIAM.

Appellant is serving a sentence of twenty-five years imposed in January, 1957, as a result of his conviction in the United States District Court for the Southern District of California, Central Division, under Title 18 U.S.C. § 2114. Section 2114 provides that whoever assaults any person having lawful charge, control or custody of any mail matter, or of any money, or any other property of the United States, with the intent to rob, steal or purloin such mail matter, money or other property of the United States, or rob such person of mail matter, money or other property of the United States, shall be imprisoned for not more than ten years for the first offense. The statute further provides that in the course of such robbery, if the offender puts in jeopardy the life of the custodian of such mail matter or other property of the United States by the use of a dangerous weapon, he shall be imprisoned for twenty-five years.

Appellant, with two co-defendants, was convicted of the aggravated offense of putting in jeopardy the lives of his victims by the use of a dangerous weapon. Appellant filed a motion to vacate and correct the sentence under the provisions of Title 28 U.S.C. Section 2255, alleging the sentence to be illegal because of asserted error in the court's instructions to the jury with regard to the aggravated offense of which he was convicted. The court below denied the motion and this appeal results.

The denial of the motion by the district court must be affirmed.

In the first place, errors in instructions must be corrected on appeal and may not be reached in a proceeding under Section 2255. Banks v. U. S., 9 Cir., 1958, 258 F.2d 318. Secondly, judgment of conviction was appealed and the instructions which were given in the case were approved by this court in Wagner v. U. S., 9 Cir., 1959, 264 F.2d 524.