**UNITED STATES of America,**
**Appellee,**

v.

**William Henry SOCKEL, Appellant.**

**No. 72–1716.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 15, 1973.

Decided June 4, 1973.

Thomas M. Larson, Asst. Federal Public Defender, Kansas City, Mo., for appellant.

Anthony P. Nugent, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before MATTHES, Chief Judge, and MEHAFFY and STEPHENSON, Circuit Judges.

MATTHES, Chief Judge.

Finding no merit in appellant's three contentions of error, we affirm his conviction for interstate transportation of a stolen firearm, knowing it had been stolen, all in violation of 18 U.S.C. §§ 922(i) and 924(a).

The evidence stands unchallenged and, in brief, presented these facts. On January 5, 1971, during the course of interrogation of appellant and other individuals by Kansas City, Kansas, police officers, appellant by use of a gun taken from his coat, disarmed two of the police officers, re-entered the automobile in which he had been riding at the time he was stopped for interrogation, and left the scene.

Appellant was arrested pursuant to an arrest warrant in Kansas City, Missouri, on January 13, 1971. During the ensuing search in the house where appellant was arrested, one of the guns taken from one of the Kansas City, Kansas, police officers was found in appellant's possession. An indictment was returned, numbered 23391-1. On August 20, 1971, and following interlocutory proceedings, another indictment was filed. This indictment bears district court No. 23529-1. The case went to trial on the last indictment, No. 23529-1, on November 16, 1971. The jury received the case at 3:26 p. m. on that day and returned its verdict at 3:38 p. m. This timely appeal followed.

I

First, we consider and reject appellant's claim that error resulted from the court's refusal of appellant's offer to take a polygraph examination for the stated purpose of lending weight to his testimony in support of his motion to suppress evidence. The court, Honorable John W. Oliver, held two evidentiary

hearings on the motion to suppress. The first was held on June 11, 1971, in case No. 23391-1. At the conclusion of that hearing, at which appellant testified, the court specifically found that the arrest was made pursuant to a warrant and that the seizure of the gun was valid, and thereupon denied the motion to suppress. On November 12, 1971, another hearing was held, this time in the instant case, No. 23529-1. At the outset of that hearing, it was indicated that the first indictment, No. 23391-1, would be dismissed. Apparently, it was, although the files before us do not show the actual disposition of the first indictment. At the second suppression hearing on November 12, 1971, counsel for appellant informed the court of appellant's offer to take a polygraph examination. The court denied the request, stating in part:

"I know of no case that comes remotely close to suggesting that a polygraph examination is admissible in a court of law, either to prove or disprove anything.

. . . . . .

"So, the record will show that the offer is made, but I would be most surprised, Mr. Houdek [appellant's trial attorney] if you know of any cases that held that a polygraph test is admissible under any circumstances. Do you know of any?"

Mr. HOUDEK: "No, I don't, your honor and I have looked."

The court was eminently correct in its ruling. See McCroskey v. United States, 339 F.2d 895, 899 (8th Cir. 1965), and cases there cited, specifically Aetna Ins. Co. v. Barnett Bros., 289 F.2d 30, 34 (8th Cir. 1961). As recently as April 13, 1973, the United States District Court for Central California held there are too many variables in lie detector test administration, evaluation and its in-court interpretation, to make such tests admissible as evidence. United States v. Urquidly, 13 Crim.L.Rptr. 2151. And on April 18, 1973, the Texas Court of Criminal Appeals concluded that it should adhere to the general rule of exclusion of a polygraph test. Romero v. State, 493 S.W.2d 206.

II

Appellant submits and argues that the district court abused its discretion in denying his motion for a new trial on the ground that he was deprived of a fair and impartial jury. This claim is premised upon the failure of jury foreman, William E. Werner, to reveal that his brother was a deputy sheriff serving at the Jackson County, Missouri, jail where appellant had been incarcerated prior to his trial. Judge Oliver, in conducting the voir dire examination, directed the following, among other questions, to the panel of prospective jurors:

"Let me make inquiry as to whether any members of the panel or members of your *immediate* family have ever worked as a law enforcement officer for any government, either city police force, sheriff or deputy sheriff of the county, law enforcement officer of any kind, including federal government." (Emphasis supplied).

Mr. Werner made no response to the inquiry.

The relationship between Mr. Werner and the Jackson County deputy sheriff was first brought to the attention of the court in appellant's motion for new trial, which was filed on December 10, 1971. Thereupon, Judge Oliver launched an investigation which precipitated the filing of numerous documents by the United States Attorney and the appellant. In pertinent part, the record compiled on this issue reveals that one Charles Chapman was a deputy sheriff of Jackson County, Missouri, and that Chapman is a brother of Mr. Werner, but had adopted the surname of his stepfather. The separate affidavits of appellant and his attorney stated without qualification that Mr. Chapman was a half brother of Mr. Werner, having the same mother but different fathers. The Assistant United States Attorney in charge of the case, in an addendum to his suggestions and in opposition to appellant's motion for new trial, stated Chapman is in fact a full brother of Mr. Werner and the

court so found in its memorandum order denying the motion for new trial.

More importantly, however, the files show and the court found that Mr. Chapman had visited with his brother, Mr. Werner, only once since 1969 and that visit was subsequent to the time appellant was tried. In rejecting the claim of prejudice resulting from the relationship above mentioned, the court further stated: "Mr. Chapman has expressed the opinion that Mr. Werner probably did not even know he was employed as a deputy sheriff until after November 16, 1971 (the date of trial). At any rate, the record establishes no contact whatever between the brothers before or during the trial. Indeed, it is not even alleged that Mr. Werner was influenced by the circumstances of his relation to Mr. Chapman."

■ It is a cardinal principle of federal jurisprudence that generally where the defendant asserts essential unfairness to vitiate his trial, the burden must be sustained not as a matter of speculation, but as a demonstrable reality. Darcy v. Handy, 351 U.S. 454, 76 S.Ct. 965, 100 L.Ed. 1331 (1956). Appellant recognizes that this principle applies with equal force where an attack is made upon the integrity of the trial by reason of alleged misconduct on the part of a juror in failing to disclose pertinent information which might have caused a juror to be prejudiced against the appellant. *See* Kleven v. United States, 240 F.2d 270 (8th Cir. 1967); Morrison v. Ted Wilkerson, Inc., 343 F.Supp. 1319, 1330–1332 (W.D.Mo.1971), aff'd per local Rule 14, No. 71–1567 (8th Cir., Apr. 13, 1972); Harris v. United States, 412 F.2d 384 (9th Cir. 1969).

■ Neither are we persuaded that it was incumbent upon Judge Oliver to hold an evidentiary hearing for the purpose of examining Mr. Werner. This record convincingly attests to Judge Oliver's concern over the claimed prejudice and his sensitivity to the right of the appellant to be tried by a jury which was not tainted in any respect; and he accordingly explored the issue in depth.

The record before us conclusively shows that Mr. Werner did not intentionally or knowingly withhold any information which would have served to alert the appellant and his able trial attorney to further interrogation relating to his qualifications to serve as a juror. We conclude, as Judge Oliver did, that Mr. Werner, described in the record as a sales representative, was without any pertinent knowledge resulting from his relationship to the deputy sheriff, and that the trial was not infected by his service as the jury foreman.

### III

Finally, appellant asserts the court's instructions were erroneous in that they permitted the jury to draw inferences from the evidence. We find this contention devoid of substance. The court's charge, considered as a whole as it must be, accurately submitted all issues and required the government to prove all of the essential elements of the offense beyond a reasonable doubt.

In sum, this case was tried free of any pretrial or trial errors, and the judgment is affirmed.