**UNITED STATES of America,**
**Appellee,**

**v.**

**Clifford JONES, Appellant.**

**No. 73–1174.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1973.

Decided Oct. 29, 1973.

Clayton H. Shrout, Omaha, Neb., for appellant.

William K. Schaphorst, Omaha, Neb., for appellee.

Before HEANEY, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

Clifford Jones was tried and convicted, by a jury, of violating the provisions of 21 U.S.C. § 841(a)(1)—intentional and knowing distribution of heroin. From that conviction Jones appeals. We affirm.

On appeal Jones asserts three assignments of error: (1) he was denied a fair and impartial jury; (2) the district court erred in admitting exhibits 1, 2 and 3, exhibits relating to the narcotics involved in the crime; and (3) the district court erred when it gave instructions 8 and 11. We shall consider each ground separately.

I. *The Jury.*

Jones claims that he was denied a fair trial because nine of the twelve members of the jury had served as jurors in other narcotics cases involving the same government witnesses and one had served as an alternate. None of the members of the jury which heard this case were challenged for cause by Jones. Counsel for the defendant was aware of the past experiences of the panel members, and voir dire was conducted with respect to determining whether the past experiences of these prospective jurors would bias them. No bias was found. We have heretofore rejected the per se theory of implied bias advanced by

Jones. United States v. Williams, 484 F.2d 176, 177–178 (8th Cir. 1973); Johnson v. United States, 484 F.2d 309, 310 (8th Cir. 1973). We find no actual bias, and this case is therefore governed by the rule established in United States v. Williams, *supra*, and Johnson v. United States, *supra*.

## II. Chain of Custody.

The lock seal envelope, Exhibit 1, containing narcotics, Exhibit 3, was received by a government "evidence technician" at the laboratory of the Bureau of Narcotics and Dangerous Drugs on November 22, 1972. The technician was not called as a witness. On December 13, 1972, Van Sickle, a government chemist took these two exhibits from the evidence vault and conducted chemical tests to determine the nature of the substance. He then placed these exhibits in another lock seal envelope, Exhibit 2, and placed them in a vault. Van Sickle was called to testify at trial.

Objection is made to the introduction of this evidence because it is asserted that the "chain of custody" was not properly established because of the failure of the evidence technician to testify. This failure is said to render the admission of the evidence objectionable for lack of a proper foundation. We disagree.

As we have recently said:

The criteria governing admission of exhibits into evidence is that there must be a showing that the physical exhibit being offered is in substantially the same condition as when the crime was committed. That determination is to be made by the trial judge, not the jury, and may not be overturned except for a clear abuse of discretion. Factors to be considered in making the determination of admissibility include the nature of the article, the circumstances surrounding its preservation and custody, and the likelihood of others tampering with it. If upon the consideration of such factors, the trial judge is satisfied that

in reasonable probability the article has not been changed in any important respect, he may permit its introduction in evidence. United States v. Brown, 482 F.2d 1226, 1228 (8th Cir., 1973).

In sum, "[w]hile the government might have provided further information as to * * * the receiving and storing procedures at the laboratory in Chicago, we do not find these omissions significant." United States v. Jackson, 482 F.2d 1264, 1267 (8th Cir. 1973). In this case there was no evidence introduced to indicate that the exhibits had been tampered with. Both the chemist who examined the material and the agent who obtained the material testified. The agent testified that he obtained the material, transported it to Kansas City, Missouri, placed it in a lock seal envelope, mailed it, by registered mail, return receipt requested, to the laboratory. He testified that the material offered as evidence was in the same condition as when he received it. The chemist testified that the material was received at the laboratory, and was placed in the evidence vault. Thereafter it was examined and again placed in the evidence vault. We can find no error in the admission of this evidence.

## III. The Instructions.

Objection is made to instruction 8, which contains the following language:

[T]he proof of the circumstances surrounding the transaction can supply an adequate basis for finding that the defendant acted knowingly and intentionally. Thus, you may consider the evidence which you recall and believe about the defendant's actual knowledge and intent and, in general, the manner in which the transactions were conducted.

Jones claims this instruction was erroneous because the only evidence pertaining to the sale was direct, and not circumstantial, and, therefore, the instruction was not applicable to this case. Jones claims that the jury might have been misled into believing that there

was some other evidence presented by the government, when in fact there was not.

 We note that "knowledge and intent, because of their nature, must largely be proved by circumstantial evidence." Jackson v. United States, 330 F.2d 679, 681 (8th Cir.), cert. denied, 379 U.S. 855, 85 S.Ct. 105, 13 L.Ed.2d 58 (1964). *See also* United States v. Lawson, 483 F.2d 535, 536–538 (8th Cir. 1973). In this case, the circumstances of the transaction recounted by the purchaser, such as the price paid for the goods, are necessary to establish that Jones knowingly and intentionally distributed an illicit substance. Indeed at trial there was some ambiguity relative to the purchaser's request, i. e., he wanted some "stuff." We think, therefore, that the trial judge could properly instruct the jury to consider the circumstances of the transaction, such as the price paid for the goods. While the purchaser could recount what Jones did, " 'there can be no eye witness account of the state of mind with which the acts were done * * *.' " United States v. Lawson, *supra.* 483 F.2d at 536

■ Objection is also made to instruction 11:

[T]he government is not required to prove any essential element of the offense as defined in these instructions by any particular number of witnesses. The testimony of a single witness may be sufficient to convince you beyond a reasonable doubt of the existence of an essential element of the offense charged, if you believe beyond a reasonable doubt that the witness is telling the truth.

Jones claims that the instruction may have been confusing because there was only one witness who testified to the actual sale. We do not understand how the jury was confused by this instruction, and it appears to be a correct statement of the law. *See, e. g.,* VII J. Wigmore, Wigmore on Evidence § 2034 at 259 (3d ed. 1940); 2 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions §§ 71.16 and 71.17 at 140 (1970).

For the reasons hereinbefore expressed the judgment of conviction is affirmed.