James Burl **JOHNSON**, Petitioner,

v.

Donald W. **WYRICK**, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.

No. 74–1684.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1974.

Decided Dec. 5, 1974.

Steven C. Cross, Des Moines, Iowa, for petitioner.

George H. Perry, Asst. U. S. Atty., Des Moines, Iowa, for respondent.

Before GIBSON, Chief Judge, CLARK, Associate Justice, Retired,[*] and WEBSTER, Circuit Judge.

PER CURIAM.

Petitioner James Burl Johnson, a prisoner in the Missouri State Penitentiary, appeals from the District Court's[1] denial of his petition for a writ of habeas corpus. In its memorandum opinion the District Court reviewed the extensive history of petitioner's successive direct and collateral attacks on his 1954 conviction and forty-year sentence for rape. That history, which includes eight previous federal habeas corpus petitions disposed of in the Western District of Missouri, need not be repeated here. Seven grounds were asserted by petitioner in support of his claim that his conviction and sentence pursuant to Missouri's habitual criminal statute were unconstitutionally imposed.[2] The court, without a hearing, denied relief as to six of the grounds and dismissed the fifth ground without prejudice because of petitioner's failure to exhaust his available state remedies.

Having reviewed the record, we affirm the District Court's order for the reasons stated in its extensive memorandum opinion. The six asserted grounds raised and considered on the merits by the District Court were properly rejected by it, and were correctly adjudicated by the state courts in accord with prevailing federal principles. In 1970, after a series of state post-conviction proceedings, petitioner's conviction and sentence were vacated and remanded by the Missouri Supreme Court for resentencing and to permit petitioner to move for a new trial. In 1954 petitioner had purportedly waived his right of appeal without understanding the consequences of doing so.[3] His trial counsel, as a consequence of this waiver, neither filed a motion for new trial nor pursued a direct appeal on petitioner's behalf at the time of conviction. On remand in May, 1971, the trial court resentenced petitioner to the same forty-year prison term with credit for time served, and denied his motion for new trial. The conviction and sentence were affirmed by the Supreme Court of Missouri on direct appeal in that court's fourth published opinion relating to petitioner's case. State v. Johnson, 485 S.W.2d 106 (Mo.1972). There is no question that Johnson has had his days in court on the claims raised in the instant petition—certainly more days than any other judicial system would grant him. This case is simply another glaring example of the unending flow of successive appeals and repetitive collateral attacks by prisoners which add to the congestion of our judicial system.

In petitioner's fifth asserted ground he challenged the state's use of his four allegedly unconstitutional prior felony convictions to enhance his punishment in 1954 under Missouri's habitual criminal statute. Apparently, however, petitioner has failed to challenge any of those allegedly defective prior convictions in the

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, sitting by designation.

1. The Honorable William H. Becker, Chief Judge, United States District Court, Western District of Missouri. The District Court's opinion is reported at 381 F.Supp. 747 (W.D. Mo.1974).

2. In short, he claimed (1) that he was denied a fair trial by the presence and prejudicial conduct of the rape victims during trial; (2) that he was incompetent to stand trial; (3) that he was denied effective assistance of counsel; (4) that the trial court lacked jurisdiction to enter judgment enhancing petitioner's punishment under the state habitual criminal statute; (5) that the four prior felony convictions used as the factual basis for his habitual criminal sentence were unconstitutionally secured in the state courts and should not have been used to enhance his punishment; (6) that he was denied a fair trial by the prosecutor's remarks made during the trial and during closing argument; and (7) that he was prejudiced by various other trial irregularities, including certain jury instructions and rulings on evidence.

3. The 1954 rape conviction which is the subject of the instant petition was obtained in a second trial after petitioner's first conviction had been reversed on direct appeal. Trial counsel reportedly advised petitioner erroneously that state law permitted no direct appeal after the retrial.

state courts which imposed them. Under these circumstances, he is not permitted to do so for the first time in federal court. 28 U.S.C. § 2254(b). The court below, therefore, properly dismissed petitioner's fifth asserted ground because, among other of its defects,[4] the claim was not previously presented to the state courts for review under available remedies.

Judgment denying the petition in part and dismissing it in part without prejudice is affirmed.

Affirmed.

Opinion vacated, see 511 F.2d 1161.

---

4. The District Court commented that petitioner's attempt to challenge the four prior convictions in the instant proceeding was without merit because:

> (1) the record of the convictions is facially regular; (2) petitioner did not raise such an objection in the second trial when such evidence [of the prior convictions] was sought to be admitted; (3) the use of the prior felony convictions may have constituted trial strategy; and (4) there is no evidence of any direct postconviction attack on any of the convictions by means of state postconviction remedies or federal habeas corpus in any state or district of conviction.

381 F.Supp. at 752 n. 5.

Moreover, at the date of petitioner's trial only one valid prior felony conviction was needed to invoke the Missouri habitual criminal sanctions. Mo.Rev.Stat. § 556.280 (1949); Gerberding v. Swenson, 435 F.2d 368, 370 (8th Cir. 1970), cert. denied, 403 U.S. 906, 91 S.Ct. 2211, 29 L.Ed.2d 682 (1971). It might further be noted that the forty-year sentence imposed by the jury was within the permissible range for forcible rape without resort to the habitual criminal act. Mo.Rev.Stat. § 559.260 (1949). We, however, express no opinion on the merits of petitioner's unexhausted claim.

