Hilton Jerry **KELTON**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**Civ. A. No. 74CV229-W-3.**

United States District Court,
W. D. Missouri, W. D.

Jan. 7, 1975.

Bruce C. Houdek, Kansas City, Mo., for petitioner.

J. Whitfield Moody, Kansas City, Mo., First Asst. U. S. Atty., for respondent.

ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND FINAL JUDGMENT DENYING PETITIONER'S MOTION UNDER SECTION 2255, TITLE 28, UNITED STATES CODE

WILLIAM H. BECKER, Chief Judge.

This is a motion under Section 2255, Title 28, United States Code, to vacate and set aside three judgments of convictions and sentences by a federal prisoner presently in custody under the challenged sentences at the United States Penitentiary at Leavenworth, Kansas. Movant seeks an adjudication that the challenged judgments of conviction and sentences were illegally secured and imposed upon him in violation of his federal constitutional and statutory rights. Movant requests leave to proceed in *forma pauperis*. Leave to proceed in *forma pauperis* will be granted.

A plenary evidentiary hearing has been granted to movant who was provided able new counsel other than counsel at his trial because of complaints of movant about adequacy of assistance of trial counsel.

Movant states that the consolidated criminal actions designated as Criminal Actions Nos. 23824-3-V (indictment in one count) and 23918-1-3-V (indictment in two counts) were tried before the Honorable Bruce M. Van Sickle, a visiting United States District Judge in this District by designation at that time; that he was convicted upon findings of guilty by a jury on all three counts of the two indictments charging separate violations of Section 841(a)(1), Title 21, United States Code; that he was sentenced by Judge Van Sickle on August 9, 1973, to a term of eight years imprisonment and a special parole term of three years in Criminal Action No. 23824-3-V; that he was also sentenced on August 9, 1973, to a term of eight years imprisonment on each of the two

counts in Criminal Action No. 23918–1–3–V, and a special parole term of three years; that each of the eight-year terms of imprisonment in No. 23918–1–3–V were expressly made to run concurrently to each other and concurrent with the eight-year sentence imposed in Criminal Action No. 23824–3; that he appealed from each of the judgments of conviction and the imposition of sentences to the United States Court of Appeals for the Eighth Circuit, which affirmed the convictions in an unpublished *per curiam* opinion filed on April 19, 1974; that movant has not filed any previous motions under Section 2255, or any other applications, petitions or motions with respect to the challenged convictions; and that he was represented by counsel at his arraignments, trial, sentencing and on appeal.

In support of his challenge to the convictions and sentences under review, movant states the following grounds:

"(a) Petitioner was denied due process, equal protection and a fair trial and a fair and impartial jury.

"(b) The Court gave erroneous, confusing and incomplete instructions and form of verdict to the jury, thus denying the Petitioner a fair trial, due process and the trial court thus committed plain error resulting in a miscarriage of justice.

"(c) Petitioner's court-appointed counsel was incompetent, inadequate and ineffective, thus denying Petitioner assistance of counsel for his defense."

In support of the above grounds, movant states the following as facts:

"(a) Mrs. Naomi L. Burkett, a member of the jury which found Petitioner guilty, failed to reveal to the Court on voir dire examination that she was acquainted with Petitioner and his family.

"(b) 1) The court failed to instruct the jury concerning the lesser included offense of possession of heroin on Counts I and II in Criminal No. 23918–1.

"2) the court failed to fully instruct the jury concerning the lesser included offense of possession of heroin in Criminal No. 23824–3.

"3) The court failed to include in the verdict form which was delivered to the jury a form of verdict permitting the jury to find Petitioner guilty of the lesser included offense of possession of heroin on all counts in the consolidated cases.

"4) The court in its oral instructions to the jury recited a form of verdict which permitted the jury to find Petitioner guilty of the lesser included offense of possession of heroin in Criminal No. 23824–3 but failed to include a form providing for such a finding in the form of verdict given to the jury at the time it retired to deliberate, confusing the jury and thus misleading trial counsel concerning the form of verdict the jury should consider.

"(c) 1) Petitioner during the selection of the jury advised his trial counsel that he and his family were personally acquainted with Mrs. Naomi L. Burkett who was on the panel of prospective jurors. Mrs. Burkett on examination by the trial court failed to reveal this fact to the court. Contrary to Petitioner's requests Petitioner's trial counsel failed to bring the matter to the attention of the trial court and also failed to cause her to be excluded from the trial jury.

"2) Petitioner's trial counsel failed to raise on Petitioner's appeal, although he had promised Petitioner he would do so, the issue of the failure on voir dire of Mrs. Burkett to reveal her acquaintanceship with Petitioner's family and the issue of his failure to cause her to be excluded from the jury panel.

"3) Petitioner's trial counsel failed to request proper instructions to the jury as detailed in paragraph (b) *supra,* failed to object to the trial court's erroneous, incomplete and misleading instructions as detailed in paragraph (b) *supra,* and failed to review the verdict form submitted to the jury to determine whether or not it properly

and fully submitted to the jury forms providing for all possible verdicts it could return."

The motion under consideration was filed on May 8, 1974. On May 22, 1974, counsel for respondent filed herein suggestions in opposition to the motion. Thereafter, on September 9, 1974, an order was entered appointing new counsel for movant. On November 7, 1974, counsel for movant filed herein, with the consent of the respondent, an amended motion under Section 2255. Following the setting of a hearing on petitioner's motion by order dated November 11, 1974, a hearing was held on November 20, 1974. Counsel for movant filed herein on November 22, 1974, further suggestions in support of the motion. On November 26, 1974, counsel for respondent filed further suggestions in opposition to the motion, and on November 27, 1974, movant filed his reply suggestions.

I

In his first ground for relief, movant contends that he was denied a fair trial by an impartial jury because Mrs. Naomi L. Burkett, a member of the jury which found movant guilty, failed to reveal to the Court on voir dire examination that she was acquainted with petitioner and his family. This contention is without factual or legal merit.

It is a cardinal principle of federal jurisprudence that, where a defendant asserts essential unfairness to vitiate his trial, the burden must be sustained by a preponderance of the evidence, not as a matter of speculation, but as a demonstrable reality. Darcy v. Handy, 351 U.S. 454, 76 S.Ct. 965, 100 L.Ed. 1331 (1956). This principle applies when an attack is made upon the integrity of a trial by reason of any alleged misconduct on the part of a juror in failing to disclose pertinent information which might cause a juror to be prejudiced against a defendant. *See,* United States v. Sockel, 478 F.2d 1134,

1137 (8th Cir. 1973); Kleven v. United States, 240 F.2d 270 (8th Cir. 1967).

The evidentiary hearing held in the case at bar disclosed that, although movant and his Mother claimed a personal acquaintanceship with Mrs. Burkett, that acquaintance was very remote in time and dated back to a time when the movant was a tender child of ten or twelve years of age. There was further testimony that the movant had been advised by his trial counsel that the latter had interviewed Mrs. Burkett after the trial, and that Mrs. Burkett stated to trial counsel that she had no knowledge of the defendant.

During the voir dire examination, the jurors were jointly asked the following question:

"Are any of you personally acquainted with any of the defendants—or this defendant—related to him by blood or marriage or do you have any family connection with the defendant?"

Neither Mrs. Burkett or any other panel member responded.

There was no showing that Mrs. Burkett knowingly withheld any information required to be disclosed on voir dire examination. The record conclusively shows that the movant was aware of the alleged acquaintanceship, if it existed, and its remoteness in time. Trial counsel definitely informed the movant of a post-trial interview with Mrs. Burkett, who denied any knowledge of the alleged acquaintanceship at the time of trial. Under these circumstances, trial counsel did not have and could not honestly make any proof of a knowing false answer on voir dire by Mrs. Burkett.

It is abundantly clear from the record presented to this Court that the movant made no effort personally and directly to bring this matter to the attention of the Court. In fact, it is possible that movant might have consciously failed to do so in the hope of becoming the beneficiary of possibly favorable bias. The record of this cause, including the *pro se* letter motions and complaints of the movant, show that he is an intelligent

and experienced criminal litigant who neither advised the Court of the remote acquaintanceship or caused Mrs. Burkett to be challenged peremptorily.

■ In this Circuit, the *per se* theory of implied bias has been rejected. United States v. Williams, 484 F.2d 176, 177–178 (8th Cir. 1973); Johnson v. United States, 484 F.2d 309, 310 (8th Cir. 1973). One must show actual prejudice. United States v. Jones, 486 F.2d 476, 478 (8th Cir. 1973); Johnson v. United States, 484 F.2d 309, 310 (8th Cir. 1973).

■ Based on the record presented to this Court and the testimony adduced at the evidentiary hearing, it must be concluded that movant has failed to prove that juror Naomi Burkett knew him at the time of the trial, and that she responded falsely or failed to respond knowingly on voir dire examination. Movant has not established the existence of any actual bias or prejudice, nor has he made a showing of a denial of a fair and impartial jury. United States v. Sockel, *supra*; United States v. Jones, *supra*; Johnson v. United States, *supra*.

■ Independently of the foregoing discussion of the merits of an alleged failure of a single juror to answer a routine voir dire question correctly, such a claim is not a ground for granting a post-trial motion under § 2255, in the absence of exceptional circumstances supporting a claim of a fundamentally unfair trial or a violation of a constitutional right. *Cf.* Houser v. United States, 508 F.2d 509 (8th Cir. 1974).

## II

■ In his second ground for relief herein, movant contends in essence, that plain error was committed by the trial court in failing to submit to the jury a verdict form on which to return a verdict of guilty on the lesser included offense. This contention is also without merit.

Movant's second ground for relief relates to alleged error in the instructions to the jury on the lesser included offenses and alleged failure to submit verdict forms on lesser included offenses under two of the three counts. Claimed errors in instructions to a jury do not, in the absence of fundamental unfairness and exceptional circumstances not stated or shown to be present in the case at bar, state a claim for relief under Section 2255, Title 28, United States Code. Houser v. United States, 508 F.2d 509 (8th Cir. 1974); Feeney v. United States, 392 F.2d 541, 543 (1st Cir. 1968); Cambiano v. United States, 295 F.2d 13, 14 (9th Cir. 1961), cert. denied, 368 U.S. 999, 82 S.Ct. 626, 7 L.Ed.2d 537 (1962); Lewis v. United States, Civil Action No. 74CV744–W–3 (W.D.Mo. December 23, 1974); *see also*, Quinn v. United States, 499 F.2d 794 (8th Cir. 1974).[1]

Even assuming that movant's second ground for relief is cognizable under Section 2255, and is factually meritorious, it does not, under the concurrent sentence doctrine, warrant the relief requested. Movant contends that no lesser included offense instruction was given on Counts I and II in Criminal Action No. 23918–1–3–V. However, movant admits that such an instruction was given with respect to the single count in Criminal Action No. 23824–3–V. Movant further contends that the instruction in respect to the latter indictment was not adequate. Even assuming that the trial court erred with respect to Criminal Action No. 23918–1–3–V, such assumed error was harmless since movant's conviction under Criminal Action No. 23824–3–V, in which an adequate lesser included offense instruction was given, supports the imposed sentence in view of

---

1. In the recent case of United States v. Howard, 507 F.2d 559 (8th Cir. 1974), the United States Court of Appeals for the Eighth Circuit noted that " . . . a defendant may not be convicted of both the offense with which he is charged and a lesser included offense with which he was not charged." The Court of Appeals further noted that " . . . in finding the defendant guilty of the major offenses the jury must necessarily have concluded that all of the elements of the lesser included offenses were present."

the fact that he received concurrent eight-year terms on all counts. United States v. Irby, 480 F.2d 1101, 1102 (8th Cir. 1973); Kilcrease v. United States, 457 F.2d 1328, 1331 (8th Cir. 1972); United States v. Dugan, 477 F.2d 140 (8th Cir. 1973); United States v. Huckensteine, 475 F.2d 1131 (8th Cir. 1973); *see also,* Benton v. Maryland, 395 U.S. 784, 789–790, 89 S.Ct. 2056, 2059–2060, 23 L.Ed.2d 707, 713(1969).

Alternatively, it is concluded that the movant failed to show, by a preponderance of the evidence, that a verdict form for a lesser included offense was not submitted to the jury on each count.

Movant apparently infers and assumes that the verdict forms for the lesser included offense on two counts in No. 23918–1–3–V were not submitted to the jury because such a form was not read in the charge and is not included in the respective case files. Such an assumed inference is insufficient proof. It is equally reasonable and logical to infer that, since the jury determined that the evidence warranted a finding of guilty on the greater charges, the lesser included offense form was not returned by the jury or discarded by some clerical official. There is no unvarying practice to account for and file all forms not used.

In the transcript of the oral charge there is a description of one form of lesser included offense verdict form in No. 23824–3–V. If in fact other lesser included offense verdict forms were submitted the charge in respect to one verdict form would be sufficient to instruct the jury to consider the lesser included offense and lesser included verdict forms on other counts.

Notwithstanding the apparent weakness in movant's attempted inference, it is important to note that movant had several means of directly proving the alleged absence of the presentation of the lesser included offense verdict forms in No. 23918–1–3–V to the jury, during the evidentiary hearing held in the case at bar. Movant had the opportunity to call as a witness or witnesses any of the twelve jurors, trial counsel for the defendant and for the Government, the court reporter and the courtroom deputy clerk. Direct testimony by any one of these individuals, that the lesser included offense verdict form was not provided to the jury, could have been easily produced if it existed. However, none of these available potential witnesses were called to testify at the evidentiary hearing held on November 20, 1974.

The burden of proof was and is upon the movant to establish and prove the facts which would entitle him to relief. Day v. United States, 428 F.2d 1193, 1195 (8th Cir. 1970); Cassidy v. United States, 428 F.2d 585 (8th Cir. 1970); Kress v. United States, 411 F.2d 16 (8th Cir. 1969); Taylor v. United States, 229 F.2d 826 (8th Cir. 1956), cert. denied, 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500 (1956). Movant has failed to meet that burden by a preponderance of the evidence with respect to his second ground for relief herein. Moreover, the concurrent sentence doctrine requires denial of relief in any event as stated above.

### III

 In his third and final ground for relief, movant contends that he was denied effective and adequate assistance of counsel. This ground for relief is also without merit.

In reviewing the final contention, this Court must be guided by certain standards which have been adopted in this Circuit to review allegations of ineffective assistance of counsel.

First, "[i]t is presumed that court-appointed counsel is competent, and a showing must be made before the presumption can be overcome." Crowe v. South Dakota, 484 F.2d 1359, 1361 (8th Cir. 1973); McQueen v. Swenson, 498 F.2d 207, 216 (8th Cir. 1974); Johnson v. Wyrick, 381 F.Supp. 747, 759 (W.D. Mo.1974), affirmed, 508 F.2d 123 (8th Cir. 1974). In past cases it has been held that it must be shown that the attorney in question caused the proceedings to be a farce and a "mockery of justice" by the display of " . . . such

conscious conduct as to render pretextual the attorney's legal obligation to fairly represent the [movant] and circumstances which demonstrate that which amounts to a lawyer's deliberate abdication of his ethical duty to his client." Brown v. Swenson, 487 F.2d 1236, 1240 (8th Cir. 1973); Robinson v. United States, 448 F.2d 1255 (8th Cir. 1973); Scalf v. Bennett, 408 F.2d 325, 327–328 (8th Cir. 1969); Cardarella v. United States, 375 F.2d 222, 230 (8th Cir. 1967). In more recent cases, it is now held that it must be proven that the actions of defense counsel amounted to a failure to perform an essential duty which substantially harmed and prejudiced the movant in obtaining a fair trial. McQueen v. Swenson, 498 F.2d 207, 220 (8th Cir. 1974); Garton v. Swenson, 497 F.2d 1137, 1140 (8th Cir. 1974).

In meeting the above standards,[2] the movant bears the "heavy burden" of presenting "substantial proof" of incompetency and unfairness. *See*, Garton v. Swenson, 497 F.2d 1137, 1139 (8th Cir. 1974); Johnson v. United States, 506 F.2d 640 (8th Cir. 1974); Houser v. United States, 508 F.2d 509 (8th Cir. 1974).

A thorough review of the record and the testimony adduced at the evidentiary hearing discloses that movant has failed to show that the assistance provided to him by defense counsel was ineffective, incompetent or inadequate. In particular, there is no indication in the record that defense counsel failed to perform any essential duty, nor is there any showing that movant was prejudicially harmed or deprived of a substantial defense by any action or inaction on the part of his defense counsel. On the contrary, the record discloses that defense counsel competently rendered to the movant all assistance he could ethically and honestly render before the trial, during the trial, and after the trial. Movant's final ground for relief is clearly without any legal or factual support. The isolated testimony of petitioner that trial counsel stated that he had never before tried a criminal case in federal court, if believed, does not prove inadequate assistance. Able trial counsel experienced in state criminal practice and federal civil practice are qualified to try federal criminal actions.

Upon a full and careful review of the files and records, the testimony adduced at the evidentiary hearing, and the contentions in support and in opposition to the motion herein for consideration, it is hereby concluded that movant has not been denied any federal right, nor has he demonstrated substantial prejudice, or grounds for relief cognizable on this motion to warrant the granting of relief herein. Therefore, the motion to vacate and set aside movant's convictions and sentences under Section 2255, Title 28, United States Code, should be denied.

For the foregoing reasons, it is therefore

Ordered that petitioner be, and he is hereby, granted leave to proceed in *forma pauperis*. It is further

Ordered and adjudged that the motion herein to vacate and set aside the judgments of conviction and imposition of sentences under Section 2255, Title 28, United States Code, be, and it is hereby, denied.[3]

2. Movant's final contention is considered and determined under the more recent standards set forth in Garton v. Swenson, 497 F.2d 1137 (8th Cir. 1974) and McQueen v. Swenson, 498 F.2d 207 (8th Cir. 1974). The traditional farce and "mockery of justice" standards previously followed in this Circuit will not be applied in the case at bar to movant's final ground for relief.

3. In his second ground for relief, movant contends that plain error was committed by the trial court in failing to submit to the jury a verdict form on which to return a verdict of guilty on the lesser included offense of possession. In addition to the reasons enunciated in the body of this opinion for denying movant relief with respect to ground two, it should also be noted that the movant was probably not entitled to the claimed lesser included offense instruction and the submission of the verdict form on which the instruction was given. *See*, United States v. Klugman, 506 F.2d 1378 (8th Cir. 1974) and cases cited therein; Johnson v. United States, 506 F.2d 640 (8th Cir. 1974) and cases cited therein.