**Larry Eugene WALL, Petitioner,**

v.

**SUPERINTENDENT, VIRGINIA STATE PENITENTIARY, Respondent.**

Civ. A. No. 76–0017(D).

United States District Court,
W. D. Virginia,
Danville Division.

July 8, 1976.

Larry Eugene Wall, pro se.

Gilbert W. Haith, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

This petition for a writ of habeas corpus prays release from confinement imposed pursuant to a judgment of conviction in the Circuit Court of Danville, Virginia, of May 27, 1975, wherein petitioner was convicted on three counts of statutory burglary and sentenced to a total of 21 years in the Virginia State Penitentiary.

Petitioner appears to make the following allegations:

1) He was denied the right to an impartial jury;

2) The verdict of guilty was contrary to the law and evidence;

3) Other defendants in related trials received shorter sentences;

4) Ineffective assistance of counsel;

5) Prejudice against petitioner by the court and prosecutor; and

6) His privilege against self-incrimination was infringed.

The fifth allegation is clearly frivolous. The court has studied the trial transcript and finds no support for such an allegation.

The allegation regarding ineffective assistance of counsel, although stating a claim upon which relief might be granted, must be dismissed without prejudice for failure to exhaust available state remedies. That claim should be presented in a petition for a writ of habeas corpus to the Circuit Court of Danville, Virginia.

Petitioner's sentence is not subject to review if it is within statutory limits. *Stevens v. Warden,* 382 F.2d 429 (4th Cir. 1967). The maximum allowable punishment petitioner might have received for his offenses was thirty years. Code of Va. § 18.1–89 (1960 Repl.Vol.) (Repealed eff. 1 October, 1975).

Respondent correctly points out that the probative strength of the evidence is

not an issue in federal habeas corpus proceedings, unless the conviction is totally devoid of evidentiary support. *Williams v. Peyton*, 414 F.2d 776 (4th Cir. 1969). The court certainly agrees with respondent that the trial transcript shows evidence supporting the conviction.

■ Petitioner further complains that his jury was not impartial. It is a fact that petitioner testified as an alibi witness for the defendant in another burglary trial twelve days before his trial. In that trial the Commonwealth's Attorney elicited from petitioner the fact that petitioner was a convicted felon. The jury found that defendant guilty. When petitioner was brought to trial several members of the earlier jury appeared on his own jury. His counsel objected to the venire, but to no avail. Petitioner did not take the stand at his own trial.

Petitioner contends that the jury had already made up their minds about his character because they had rejected his testimony in the earlier trial. However, the court feels this is not necessarily true. Petitioner's alibi testimony only accounted for the defendant's whereabouts until the early morning hours (2–3:00 a. m.) of the night of the burglary. The burglary could have been found by the jury to have occurred after that time and before dawn. Such a finding would not have indicated a rejection of petitioner's testimony in the earlier trial.

Any contention that a jury panel must be replaced because they have heard government attorneys and witnesses in earlier trials of an identical or similar nature has no merit even in the federal criminal system, and therefore, certainly cannot be imposed on the states in a federal habeas corpus proceeding. *United States v. DeMet*, 486 F.2d 816 (7th Cir. 1973), *cert. denied*, 416 U.S. 969, 94 S.Ct. 1991, 40 L.Ed.2d 558 (1974); *United States v. Jones*, 486 F.2d 476 (8th Cir. 1973), *cert. denied*, 415 U.S. 917, 94 S.Ct. 1415, 39 L.Ed.2d 472 (1974); *United States v. Williams*, 484 F.2d 176 (8th Cir. 1973), *cert. denied*, 414 U.S. 1070, 94 S.Ct. 581, 38 L.Ed.2d 475 (1973); *Government of the Virgin Islands v. Cruz*, 478 F.2d 712 (C.A.V.I.1973); *United States v. Ragland*, 375 F.2d 471 (2d Cir. 1967), *cert. denied*, 390 U.S. 925, 88 S.Ct. 860, 19 L.Ed.2d 987 (1968); *United States v. Cooper*, 332 F.2d 790 (3d Cir. 1964); *Casias v. United States*, 315 F.2d 614 (10th Cir. 1963), *cert. denied*, 374 U.S. 845, 83 S.Ct. 1901, 10 L.Ed.2d 1065 (1963); *United States v. Visuna*, 395 F.Supp. 352 (S.D.Fla.1975), *aff'd*, 524 F.2d 1231 (5th Cir. 1975). It has been pointed out that the practice should be avoided, but there has been no mandate to prohibit it. *United States v. Tropeano*, 476 F.2d 586 (1st Cir. 1973), *cert. denied*, 414 U.S. 839, 94 S.Ct. 90, 38 L.Ed.2d 75 (1973); *United States v. Stevens*, 444 F.2d 630 (6th Cir. 1971). A full voir dire was evident in the trial transcript (Tr. at 13–14) both by the court and by defense counsel. The jurors answered as a group that petitioner's earlier testimony would not prevent them from giving him a fair trial. Under these circumstances the court feels his contention that he was denied an impartial jury is without merit.

■ The only remaining contention to be addressed concerns whether petitioner's privilege against self-incrimination was abridged by the jurors' knowledge that he was a convicted felon, a fact brought out when petitioner testified at the earlier trial. The court is of the opinion that self-incrimination concerns information elicited relating to the crime for which a defendant is on trial. Though evidence of a defendant's criminal past is inadmissible as a matter of state evidence law (unless he takes the stand in his own defense), it is not inadmissible as a matter of federal constitutional law. Since questions of admissibility of evidence are not normally matters involving federal constitutional issues, the claim does not rise to one of constitutional magnitude and must be dismissed. *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960).

Accordingly, the petition is denied and the case is ordered dismissed with prejudice, with the exception of the allegation of ineffective counsel which is dismissed without prejudice. The case is ordered removed

from the docket. Petitioner may appeal this opinion within thirty days to the Fourth Circuit Court of Appeals.