**NATIONAL COMMITTEE FOR JUSTICE, INC., and Solomon Leroy Rooks**

v.

**The Hon. Jimmy CARTER, etc., et al.**

No. 78–678 C (1).

United States District Court,
E. D. Missouri, E. D.

Nov. 2, 1978.

National Committee for Justice, Inc. and Solomon Leroy Rooks, pro se.

Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., Daniel T. Rabbitt, Moser, Mar-

salek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, Mo., for defendants.

## MEMORANDUM

MEREDITH, Chief Judge.

This matter is before the Court on defendants' separate motions to dismiss. For the reasons stated below, defendants' motions will be granted.

Plaintiffs bring this suit pro se under the Civil Rights Acts. In a prior proceeding, plaintiff Rooks was convicted of conspiring to sell cocaine. Plaintiffs claim that defendant government officials combined to obstruct justice during the prior trial. Plaintiffs further claim that Rooks' attorney, defendant Hampe, failed to fairly represent Rooks during the criminal proceedings.

Defendant government officials and defendant Hampe separately move to dismiss plaintiffs' complaint. The Court will first address the defendant government officials' motion.

Defendant government officials contend that plaintiffs are collaterally estopped from retrying issues resolved in a prior proceeding.

To support their present civil rights claim, plaintiffs seek to put in issue evidentiary questions litigated in the prior criminal suit. Case number 77–171 Cr. (1). Plaintiff Rooks appealed the denial of his motion for a new trial to impeach the credibility of material witnesses and to introduce newly discovered evidence. The denial of his motion was affirmed. 577 F.2d 33 (8th Cir. 1978).

■ It is well established that criminal claims may not be relitigated in the guise of a civil rights action. *Edwards v. Vasel,* 469 F.2d 338, 339 (8th Cir. 1972). Therefore, assuming the facts of plaintiffs' complaint to be true, the Court finds that plaintiffs are collaterally estopped from maintaining the present suit.

The Court next will address defendant Hampe's motion to dismiss plaintiffs' claim of attorney malpractice.

■ The right to counsel constitutionally guarantees the right to effective counsel. U.S.Const. amend. VI. A charge of inadequate representation, however, can prevail only if an attorney does not exercise the customary skills and diligence "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970); *United States v. Easter,* 539 F.2d 663, 666 (8th Cir. 1976); *Johnson v. United States,* 506 F.2d 640 (8th Cir. 1974), *cert. denied* 420 U.S. 978, 95 S.Ct. 1404, 43 L.Ed.2d 978 (1975).

■ The Court finds that plaintiffs' complaint does not allege any facts which could support a claim that defendant Hampe failed "to perform an essential duty which substantially harmed and prejudiced [Rooks] in obtaining a fair trial." *Kelton v. United States,* 394 F.Supp. 173, 180 (W.D. Mo.), *aff'd* 518 F.2d 531 (8th Cir.), *cert. denied,* 423 U.S. 1021, 96 S.Ct. 460, 46 L.Ed.2d 394 (1975).

A pro se complaint is to be liberally construed. *Haggy v. Solem,* 547 F.2d 1363, 1364 (8th Cir. 1977). Plaintiffs' complaint, however, must be dismissed because it appears "beyond doubt" that the plaintiffs can prove no set of facts which would entitle them to relief. Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Because plaintiffs' complaint is dismissed, plaintiffs' motion for change of venue is rendered moot.