STATE of Missouri, Respondent,

v.

Willis Louis RODGERS, Appellant.

No. 35841.

Missouri Court of Appeals, St. Louis District, Division Two.

June 24, 1975.

Charles D. Kitchin, Public Defender, Frederick R. Buckles, Marilyn K. Wallach, Asst. Public Defenders, St. Louis, for appellant.

. John C. Danforth, Atty. Gen., K. Preston Dean, II, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., John D. Chancellor, Asst. Circuit Atty., St. Louis, for respondent.

KELLY, Judge.

Appellant, Willis Louis Rodgers, was convicted in the Circuit Court of the City of St. Louis, of Robbery in the First Degree by Means of a Dangerous and Deadly Weapon, §§ 560.120 and 560.135 RSMo 1969, V.A. M.S. The trial court further found that he was subject to the provisions of the Second Offender Act, § 556.280 RSMo 1969, V.A. M.S., and pursuant thereto imposed a sentence of thirty-five years in the custody of the Missouri Department of Corrections upon him. This appeal followed.

Appellant does not question the sufficiency of the evidence to support the jury verdict and because of the disposition we make of his appeal it is unnecessary for us to burden this opinion with a recitation of the facts developed during the course of the trial. A study of the transcript of the testimony reveals overwhelming evidence. to support the finding of the jury.

A Motion for New Trial was filed in the trial court on August 10, 1973, forty-three days after the entry of the jury verdict on June 28, 1973. Rule 27.20(a), V.A. M.R. requires that a Motion for New Trial be filed within ten days after return of the verdict. Upon application, the trial judge may extend the time for filing the Motion for New Trial for an additional period of thirty days, but he has no power to make another or further extension of the time for the filing of the Motion. No application for extension of time to file the Motion appears of record, and the trial judge overruled appellant's Motion for New Trial on the grounds it was not timely filed. Compliance with Rule 27.20(a) is mandatory and a Motion for New Trial filed out of time is a nullity and preserves nothing for review. *State v. Clark*, 432 S.W.2d 279, 281[1, 2] (Mo.1968).

Being cognizant of his plight, appellant has briefed two Points in this court which he prays we will consider under Rule 27.20(c) as "plain error." His first Point is that the trial judge, shortly after the commencement of the trial, remarked to the jury that he believed there was present in the courtroom a lady who was perhaps the mother of the defendant; that she had a right to be there, but that she had a little

baby in her arms which he, the Judge, had on good authority was not the defendant's child. Appellant argues that the defendant in a criminal case may not testify to his family status and whether he is married and the father of children since this tends to create sympathy in his behalf and therefore the Court should not be permitted to inject into the case and the jury's mind information of this nature which has no bearing on the issues in the case and tends to direct the jury's attention to matters which have no evidentiary value in the case. He argues that the reason the court made this remaark was that it did not want the jury to be prejudiced by the fact that the defendant might be the father of the child. Thus, this remark constituted irrelevant and immaterial "evidence" and his counsel's objection to it should have been sustained.

We are of the opinion that this remark was most certainly injudicious in light of the record before us. Nevertheless, at no point in appellant's brief is any point made that what the judge said was not true. No claim is made at any time that the child in the courtroom was appellant's nor that the lady holding the child was other than the mother of appellant. Even though the remark might better have been left unsaid, we decline to consider it as "plain error" under the Rule as we are given the discretion to do.

 Appellant's second Point is directed to prosecutorial argument wherein the Assistant Circuit Attorney argued to the jury:

"Now, he must stand up here, Mr. Buckles is a lawyer, and he must stand up here and try to inject some doubt—"

Objection was made to this argument:

"I object to that. I'm not injecting any doubt and I'm not intending to inject any doubt."

Appellant contends that this constituted a shifting of the burden of proof since he argues that he was under no duty to inject doubt into the case, but rather it was the duty of the State to prove appellant's guilt beyond a reasonable doubt. We do not construe this line of argument in the same light as appellant nor are we of the opinion that it constitutes a shift of the burden of proof to the appellant. Prosecutors are permitted wide latitude to reply to defense counsel's argument which is directed to discredit the prosecution's case in the eyes of the jurors. The jury was properly instructed on the burden of proof and appellant's counsel had argued the burden of proof also and pointed out to the jury those portions of the evidence which he contended were inconsistent and in conflict within the State's case. Defense counsel pointed out differences in the description of the length of a black coat worn by one of the robbers, the reticence of a witness, Mrs. Dickerson, to identify the appellant in the lineup until they put a hat and coat on him, and the fact that it was only the appellant who was so adorned in the lineup so that when others came to view the lineup the fact that he was so clothed suggested to them that he was one of the robbers. Defense counsel also attacked the conduct of the lineup because one of the three men was not in it because he had been taken to the hospital. He then followed with:

"Aren't these things that create a doubt in your mind, a reasonable doubt, as to this defendant's guilt or innocence?"

From our vantage point we conclude that the prosecutorial argument above was merely retaliatory to that made by defense counsel and could not under any circumstances constitute error much less "plain error."

We have considered the sufficiency of the Amended Information, the verdict, judgment and sentence and find them to be in proper form. Rule 28.02.

The judgment of the trial court is affirmed.

CLEMENS, P. J., and STEWART, J., concur.