**UNITED STATES of America,
Appellee,**

v.

**Hilton Jerry KELTON, Appellant.**

**No. 75–1162.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1975.

Decided July 3, 1975.

---

Bruce C. Houdek, Kansas City, Mo., for appellant.

J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before GIBSON, Chief Judge, WEBSTER, Circuit Judge. and DEVITT, Chief District Judge.*

PER CURIAM.

Hilton Jerry Kelton was convicted by a jury of one count of possession of heroin with intent to distribute and two counts of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). Kelton was sentenced to three concurrent terms of imprisonment of eight years each plus a special parole term of three years. This court summarily affirmed the convictions

---

* The Honorable Edward J. Devitt, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.

pursuant to Rule 14 of the Rules of this Court. *United States v. Kelton*, 505 F.2d 735 (8th Cir. 1974). The instant appeal is from the dismissal of Kelton's petition for post-conviction relief pursuant to 28 U.S.C. § 2255. We affirm on the basis of Judge Becker's [1] findings of fact and well-reasoned application of the law. *Kelton v. United States*, 394 F.Supp. 173 (W.D.Mo.1975).

## I.

Kelton's first ground for collateral attack is that he was denied a trial by a fair and impartial jury because one of the jurors, Naomi Burkett, was acquainted with his family. At the plenary evidentiary hearing before Judge Becker on the § 2255 motion, Kelton testified that he and his mother had recognized Mrs. Burkett as a family acquaintance [2] before the trial commenced but that his attorney, though advised of this fact, failed to call it to the attention of the trial judge.

 In his opinion below, Judge Becker correctly stated that this circuit has rejected "the *per se* theory of implied bias" in favor of a requirement that actual prejudice be demonstrated. *United States v. Jones*, 486 F.2d 476 (8th Cir. 1973),*cert. denied*, 415 U.S. 917, 94 S.Ct. 1415, 39 L.Ed.2d 472 (1974); *Johnson v. United States*, 484 F.2d 309 (8th Cir.), *cert. denied*, 414 U.S. 1039, 94 S.Ct. 539, 38 L.Ed.2d 329 (1973); *United States v. Williams*, 484 F.2d 176 (8th Cir.), *cert. denied*, 414 U.S. 1070, 94 S.Ct. 581, 38 L.Ed.2d 475 (1973). Standing alone, the attenuated relationship claimed here will not support the required finding of actual prejudice. The record shows that neither Mrs. Burkett nor any other members of the panel re-

sponded when asked on voir dire whether they knew any of the individuals on trial. While Mrs. Burkett did recognize Kelton's mother, it is clear that she did not recognize her as the mother of one of the defendants. Finally, it is undisputed that Kelton made no effort personally to call the matter to the attention of the trial judge. Judge Becker's finding that Kelton failed to establish actual prejudice is, therefore, not clearly erroneous.[3] *See Leasure v. Lockhart*, 509 F.2d 23, 25 n. 3 (8th Cir. 1975); *Davis v. United States*, 441 F.2d 20, 23 (8th Cir. 1971).

## II.

 As Judge Becker recognized, Kelton's contentions concerning the trial judge's failure to read to the jury complete instructions on the lesser offenses included in the crimes charged are not cognizable under § 2255. *See Houser v. United States*, 508 F.2d 509, 515 (8th Cir. 1974). Defects in the instructions are properly raised only on direct appeal. Further, the finding below that Kelton failed to sustain his burden of proof that a lesser-included-offense verdict form had not been provided to the jury must stand as not clearly erroneous.

## III.

Kelton's Sixth Amendment claim that he was denied the effective assistance of counsel likewise lacks merit. Kelton predicates this claim on counsel's failure to challenge Mrs. Burkett's presence on the jury and on his failure to request complete lesser-included-offense instructions on all counts.

 The court-appointed attorney representing Kelton at trial is presumed competent until a showing to the con-

---

1. The Honorable William H. Becker, Chief United States District Judge for the Western District of Missouri.

2. There was testimony at the § 2255 hearing that Mrs. Burkett had resided in a duplex with Kelton's mother's sister-in-law and had purchased some Stanley Home Products from his mother several years earlier.

3. At the § 2255 hearing, evidence of a post-trial interview was adduced wherein Mrs. Burkett had assured Kelton's trial counsel that she had no knowledge of the defendant. Neither the attorney nor Mrs. Burkett testified. In this appeal, Kelton contends that Judge Becker improperly relied on hearsay in referring to that interview in his opinion. We find, however, that this error was harmless since the effect of this hearsay was merely cumulative in view of the substantial independent evidence supporting Judge Becker's finding.

trary has been made. *McQueen v. Swenson*, 498 F.2d 207, 216 (8th Cir. 1974); *Crowe v. South Dakota*, 484 F.2d 1359, 1361 (8th Cir. 1973), *cert. denied*, 415 U.S. 927, 94 S.Ct. 1435, 39 L.Ed.2d 485 (1974). In this circuit, a heavy burden is placed on a petitioner asserting ineffective assistance of counsel. *Crismon v. United States*, 510 F.2d 356 (8th Cir. 1975); *McQueen v. Swenson, supra*, 498 F.2d at 214; *Garton v. Swenson*, 497 F.2d 1137, 1139 (8th Cir. 1974). We observed in a recent opinion that

> [t]here exists no magic formula for reviewing claims of ineffective assistance of counsel. Once the claim is raised judges must still make a legal judgment as to whether, in the face of the allegations made and the proof adduced, the defendant was materially prejudiced in the defense of his case by the actions or inactions of his counsel.

*Crismon v. United States, supra*, 510 F.2d at 358.

We have examined the record and conclude that Judge Becker's finding that Kelton was afforded competent and effective counsel is not clearly erroneous.

Accordingly, the dismissal of Kelton's § 2255 motion is affirmed.