Solomon SEALES, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 60744.

Supreme Court of Missouri,
En Banc.

April 25, 1979.

Respondent's Motion for Clarification Denied and Opinion Modified On Court's Own Motion May 17, 1979.

Mary-Louise Moran, Asst. Public Defender, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Weldon W. Perry, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

BARDGETT, Judge.

The appellant, Solomon Seales, was convicted of first-degree murder by a jury in the circuit court of the city of St. Louis, Missouri, and his punishment was assessed

at life imprisonment which was affirmed on appeal by this court. *State v. Seals* [Seales], 515 S.W.2d 481 (Mo.1974).

On March 5, 1976, appellant filed a motion to vacate under rule 27.26. The trial court appointed counsel for appellant and subsequently the state filed a motion to dismiss appellant's 27.26 motion. The trial court set the state's motion to dismiss for argument and attorneys for both parties appeared and argued the motion. The court took the matter under submission and subsequently sustained the state's motion to dismiss appellant's 27.26 motion and, therefore, there was no evidentiary hearing on the 27.26 motion. The appellant took his appeal to the Missouri Court of Appeals, Eastern District, where the trial court's order was affirmed.

This court sustained appellant's motion to transfer after opinion. The only ground alleged in that motion was that the court of appeals opinion was contrary to this court's opinion in *Wheatley v. State,* 559 S.W.2d 526 (Mo.banc 1977), in that the circuit court allegedly, after the filing of movant-appellant's pro se 27.26 motion, then appointed counsel to represent appellant and then dismissed movant's petition without notice to the attorney or hearing. It could not be discerned from the court of appeals opinion that the facts and sequence of events were anything different from that which was alleged in the motion to transfer, and the state filed no suggestions. As noted, this court transferred the cause here.

■ Appellant contends, as noted supra, the trial court erred in dismissing appellant's motion, after appointment of counsel for appellant, *allegedly without notice to appellant's counsel or hearing.* It was in this respect that appellant claimed the trial court violated the ruling of *Wheatley v. State, supra.* The point has no merit. The trial court did precisely what was required by *Wheatley* in that, after appointing counsel for movant and before dismissing the 27.26 motion by sustaining the state's motion to dismiss, the trial court afforded movant's counsel the opportunity to be heard on the matter by giving notice and

setting the same for a hearing. The trial court obviously has the duty to rule on a motion to dismiss and has the jurisdiction to either sustain it or overrule it. All *Wheatley* required is that movant's counsel be given an opportunity to be heard before the trial court dismisses a 27.26 motion for failure to state a claim, and that was done in this instance.

■ Appellant also contends that the court erred in failing to afford him an evidentiary hearing on his 27.26 motion. This, of course, was accomplished by the sustaining of the state's motion to dismiss the 27.26 motion. Among the allegations in the movant's 27.26 motion was the assertion that his trial counsel was ineffective in that he failed to subpoena two named witnesses who appellant says would have testified that he was not the party responsible for the death of Ronald Lane, the deceased. The state argues that this was merely conclusory and that the record refuted these allegations because movant testified in the criminal cause that he did kill Ronald Lane but that he did it in self-defense and also that there were only two other persons present. We believe the allegations made by the movant in the motion were sufficiently factual in nature to have warranted a hearing on the motion. It may very well be that the state could have required the movant to state the matter with more particularity; however, insofar as the motion to dismiss is concerned, we believe the motion was sufficient to have required the overruling of the motion to dismiss and to hold an evidentiary hearing. The meaning of the allegations may or may not be that the witnesses would allegedly testify that the movant did not kill the deceased; however, the allegations are also subject to the interpretation that the movant would testify to facts from which the jury could find that the movant, although having killed the deceased, was not guilty of first-degree murder and in that sense was not legally responsible. The trial court erred in failing to hold an evidentiary hearing in the matter and for that reason the cause must be reversed and remanded for an evidentiary

hearing on movant's 27.26 motion which may, of course, be amended.

█ It has come to the attention of the court that the criteria for adjudicating the question as to whether or not a defendant in a criminal case has been deprived of his constitutional right to counsel are expressed differently in holdings of this court and in the decisions of the United States Court of Appeals for the Eighth Circuit (of which Missouri is a part) when that court has decided cases involving state prisoners where the question was alleged ineffective assistance of counsel. Since this case is to be remanded for an evidentiary hearing, we believe it appropriate to take up this matter at this time.

Recently this court has utilized "fair trial" as being the concept which must be violated before a movant proceeding under rule 27.26 can obtain a new criminal trial as a consequence of inadequate assistance of counsel. *Sims v. State*, 496 S.W.2d 815, 817 (Mo.1974). The test to be utilized was stated differently in *Reynolds v. Mabry*, 574 F.2d 978 (8th Cir. 1978). In that case the question was whether or not a *state* prisoner of Arkansas had been deprived of adequate counsel in his criminal trial. Reynolds, the prisoner, contended that he had not been afforded effective assistance of counsel in a postconviction relief proceeding in the state courts of Arkansas. His motion there was overruled and thereafter he sought a writ of habeas corpus in the federal district court. An evidentiary hearing was held after which the district court rejected Reynolds' claims and he appealed to the Eighth Circuit. The district court decision was affirmed; however, in the process of doing so, the Eighth Circuit enunciated certain criteria to be used in determining the question of effective assistance of counsel:

"The accepted standard for effectiveness of trial counsel is now established as that degree of performance which conforms to the care and skill of a reasonably competent lawyer rendering similar services under the existing circumstances. *United States v. Easter*, 539 F.2d 663, 666

(8th Cir. 1976), *cert. denied*, 434 U.S. 844, 98 S.Ct. 145, 54 L.Ed.2d 109 (1977). Furthermore, there is a presumption that counsel is competent, *Thomas v. Wyrick*, 535 F.2d 407, 413 (8th Cir.), *cert. denied*, 429 U.S. 868, 97 S.Ct. 178, 50 L.Ed.2d 148 (1976), and the petitioner must shoulder a heavy burden to override this presumption. *Id.; Crismon v. United States*, 510 F.2d 356, 358 (8th Cir. 1975); *McQueen v. Swenson* (McQueen I), 498 F.2d 207, 214 (8th Cir. 1974). Finally, the exercise of reasonable judgment, even when hindsight reveals a mistake in that judgment, does not render a lawyer negligent or lacking in competence in rendering his services." 574 F.2d at 979.

As is obvious, the foregoing states a standard of conduct for defense counsel; however, the Eighth Circuit required something further to be shown and found before a new criminal trial would be granted as postconviction relief. As to this the Eighth Circuit stated, 574 F.2d 980:

"In recent cases where the attorney's failure to provide essential services has been challenged this circuit has followed a flexible approach in requiring a petitioner to make some initial showing that his counsel's conduct may have prejudiced him in some way before a conviction will be reversed. . . .

". . .

"Decisions of two circuits have nevertheless questioned the need for a separate showing of prejudice in effective assistance cases. The Sixth Circuit in *Beasley v. United States*, 491 F.2d 687, 696 (6th Cir. 1974), held that once ineffectiveness has been established, '(h)armless error tests do not apply . . . .' The Ninth Circuit established a similar rule in *Cooper v. Fitzharris*, 551 F.2d 1162, 1165 (9th Cir. 1977), where the court held, citing *Geders v. United States*, [425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592] *supra*, and *Herring v. New York*, [422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593] *supra*, that 'once a petitioner has carried his burden of establishing ineffectiveness of counsel, his conviction must be reversed without

regard to the presence or absence of prejudice.' Although the Supreme Court's recent decision in *Holloway v. Arkansas*, [435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426] *supra*, may be viewed as supportive of the results reached by the Sixth and the Ninth Circuits, the effect of the case may be limited to conflict of interest situations.

"In measuring effective assistance of counsel the question of harm or prejudice is often intertwined with the question of whether the alleged conduct of counsel constituted a breach of duty in light of the factual circumstances of the case. Counsel's exercise of competent services cannot be measured in the abstract or in a hypothetical sense. Whether we speak in terms of prejudice or some other standard, there must still be a reasonable nexus or relationship of the alleged breach of duty with the duty to act *under the facts of the case*. Counsel does not fail to render effective service if there is little or no likelihood that a reasonable lawyer under similar circumstances would consider the alleged defense reasonably essential to the case. As the Sixth Circuit has stated, counsel's duty is to assert all apparent 'substantial defenses' available. *See Beasley v. United States, supra* at 696."

In the recent case of *Witham v. Mabry*, 596 F.2d 293 (8th Cir. 1979), the court, in effect, reiterated its holding in *Reynolds*, but went on to say: "Petitioner 'bears a heavy burden of proving unfairness resulting from alleged ineffective assistance of counsel.' *Johnson v. United States*, 506 F.2d 640, 645 (8th Cir. 1974); *see United States v. Kelton*, 518 F.2d 531, 534 (8th Cir. 1975). 'In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that he was prejudiced thereby.' *United States v. Hood*, 593 F.2d 293 (8th Cir. 1979); *Benson v. United States*, 552 F.2d 223, 224 (8th Cir.), *cert. denied*, 434 U.S. 851, 98 S.Ct. 164, 54 L.Ed.2d 120 (1977)."

We recognize that the fixing of a standard by which effectiveness of counsel can be measured has been very difficult. In *Garton v. Swenson*, D.C., 417 F.Supp. 697 (1976), John W. Oliver, J., demonstrated the difficulty encountered within the Eighth Circuit. In Missouri, we have had a similar experience. In *State v. Schaffer*, 454 S.W.2d 60, 65 (Mo.1970), the standard used to measure the effectiveness of counsel was "whether his actions or lack thereof made the trial a farce or a mockery of justice." In *Smith v. State*, 473 S.W.2d 719, 722 (Mo. 1971), the standard used was whether " 'circumstances . . . demonstrate that which amounts to a lawyer's deliberate abdication of his ethical duty to his client.' " And, in *Sims v. State, supra*, the standard used was whether the accused "was denied a fair trial."

It is not at all desirable that there be one standard applied in the state courts when adjudicating questions of effectiveness of counsel under our postconviction relief proceedings as provided for in rule 27.26 and a different standard applied when the same prisoner appears in a federal court within the Eighth Circuit seeking habeas corpus relief for allegedly ineffectiveness of counsel in his state court criminal trial. It is much more conducive to an orderly administration of justice and predictable results if both jurisdictions, federal and states within the Eighth Circuit, utilize the same criteria and concepts when adjudicating the same question with reference to the same prisoner. It is arguable as to whether or not there is as much difference in the application of our "fair trial" rule as compared with the standards enunciated in *Reynolds v. Mabry, supra*, and in *Witham v. Mabry, supra*. The latter requires first that there be a finding that the conduct of the attorney does not measure up to the standard prescribed in *Reynolds* and, if there is such a finding, that the defendant was prejudiced thereby. If he was, he did not have a fair trial. Regardless, we believe it is of substantial importance that the trial and appellate courts of this state and the trial and appellate courts in the federal system

of the Eighth Circuit be applying the same standard and in the same way. To this end the court adopts the holdings of *Reynolds v. Mabry, supra,* and *Witham v. Mabry, supra,* with reference to the standard and the manner of its application for determining the question of whether a defendant is entitled to a new trial because of ineffective assistance of counsel.

The new test adopted in this opinion is prospective only in its application, being applicable to this case and to other 27.26 hearings held subsequent to the publication of this opinion; to wit, April 25, 1979.

The judgment of the circuit court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

MORGAN, C. J., RENDLEN and SIMEONE, JJ., and FINCH, Senior Judge, concur.

SEILER, J., concurs in part and dissents in part in separate opinion filed.

DONNELLY, J., dissents in separate dissenting opinion filed.

WELLIVER, J., not participating because not a member of the court when cause was submitted.

SEILER, Judge, concurring in part and dissenting in part.

I agree we should require from trial counsel that degree of performance which conforms to the care and skill of a reasonably competent lawyer rendering similar services under the same or similar circumstances. I agree further that the present case should be reversed and remanded for an evidentiary hearing at which the standard will be applied.

However, in the event counsel's performance is found below the standard, then I believe the judgment of conviction should be set aside. We should not adopt this new standard on the one hand and on the other promptly dilute, weaken, or undercut it by requiring that in spite of counsel's failure to provide assistance measuring up to the standard there must be something else shown before we will give relief.

That the conviction should be set aside when there has been inadequate assistance of counsel follows from several fundamental principles, in my opinion. These are, first, the constitutional right to assistance of counsel under the Sixth Amendment, *Holloway v. Arkansas,* 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978); *Herring v. New York,* 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975); *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) and under art. I, § 18(a) of the Missouri Constitution; second, the presumption of innocence; third, the requirement that the state prove the defendant guilty beyond a reasonable doubt; and fourth, the adversary system. Without assistance of counsel, these guaranteed and individual rights are meaningless, because as Justice Walter V. Schaefer so accurately pointed out while on the Supreme Court of Illinois, "[o]f all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive, for it affects his ability to assert any other rights he may have." Schaefer, *Federalism and State Criminal Procedure,* 70 Harv.L.Rev. 1, 8 (1956). "[T]rial errors may be especially significant since it takes so little to establish the requisite doubt that might convince a jury to acquit" and "the very essence of American criminal law is proof beyond a reasonable doubt." Saltzburg, *The Harm of Harmless Error,* 59 Va.L.Rev. 988, 1004, 1032 (1973).

"The constitutional guarantee of 'effective assistance' of counsel is a guarantee with a purpose. That purpose is not, as some people seem to believe, to 'shift the balance' against the 'peace forces' in favor of the 'criminal element.' It is to assure that our adversary system of justice really is adversary and really does justice." Bazelon, *The Defective Assistance of Counsel,* 42 Univ. of Cin.L.Rev. 1, 2 (1973).

When ineffective assistance does occur, the defendant should be given a new trial. Defendant should not also have to show the trial was not "fair" (a highly subjective and vague requirement which begs the question, as it assumes a trial can be "fair" without

adequate assistance of counsel) or that in addition to being deprived of his constitutional right to assistance of counsel, he was "prejudiced" (which again begs the question, as it assumes deprivation of a constitutional right is not prejudicial).[1]

In *Hall v. State*, 496 S.W.2d 300 (Mo.App. 1973), with all eight judges of the St. Louis district concurring, the court of appeals granted defendant relief for the reason that counsel failed to meet the minimum level of representation required and thus denied defendant his rights under the Sixth Amendment. Counsel, instead of investigating defendant's account that he shot decedent in self-defense and was not guilty of the charge of second degree murder, concentrated exclusively on plea bargaining, which culminated in a plea of guilty and a sentence of 18 years. The court held the record was devoid of adequate assistance of counsel. The court required no inquiry as to whether investigation would substantiate the claimed defense. Inadequacy of counsel alone warranted setting aside the plea and sentence and remand for further proceedings. I believe the court of appeals handled the matter correctly and that we should make the same disposition if it is determined that there has been ineffective assistance of counsel here.

Likewise, in *Rodgers v. State*, 567 S.W.2d 634 (Mo. banc 1978) a majority of the court believed that a pro se petition under 27.26 stated sufficient grounds to warrant appointment of counsel (something which could not be done under the law as it stood at that time unless the petition stated a valid claim) where petitioner's claim of ineffective assistance of counsel was that defense counsel did not see him until the day of trial. The majority of the court did not inquire whether defendant was prejudiced thereby, despite the fact that the evidence in the original trial, *State v. Rodgers*, 525 S.W.2d 447 (Mo.App.1975), was that defendant was caught red-handed and there was no defense to be made. Ineffective assistance of counsel was per se sufficient to state a valid claim.

If, however, the court will not hold in today's decision that ineffective assistance of counsel, without more, entitles defendant to a new trial, then I believe that the court should at least adopt Judge Donnelly's view expressed in his dissenting opinion that where there has been ineffective assistance of counsel automatic reversal must follow unless the reviewing court is able to declare a belief that the error was "harmless beyond a reasonable doubt" and that the burden of showing lack of prejudice, beyond a reasonable doubt, is on the state.

The two federal decisions referred to by the principal opinion, *Reynolds v. Mabry*, 574 F.2d 978 (8th Cir. 1978) and *Witham v. Mabry*, 596 F.2d 293 (8th Cir. 1979), speak about the petitioner having a "heavy burden" to prove unfairness resulted from ineffective assistance of counsel, and that there is a "presumption" that counsel is competent and that petitioner is under a "heavy burden" to override this presumption. However, our courts should be aware in considering this "presumption" that it exists only "until a showing to the contrary has been made." *United States v. Kelton*, 518 F.2d 531, 533–34 (8th Cir. 1975); *Crowe v. South Dakota*, 484 F.2d 1359, 1361 (8th Cir. 1973); *Kilgore v. United States*, 323 F.2d 369, 373 (8th Cir. 1963). Once a petitioner makes a showing of ineffective assistance, the presumption, of course, drops out of the case.

Furthermore, as to "heavy burden" (whatever this means), it does not in any way change the burden of proof in a 27.26 case, which is stated by our rule itself, rule 27.26(f), as follows: "The prisoner has the burden of establishing his grounds for relief by a preponderance of evidence." The burden of proof is not any different for a movant in an ineffective assistance of coun-

---

1. "The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial." *Glasser v. United States*, 315 U.S. 60, 76, 62 S.Ct. 457, 467, 86 L.Ed. 680 (1942). It is not a prerequisite to entitlement to effective assistance of counsel that defendant be innocent or that there not be a strong case against him or that the issue of guilt or innocence be a close one.

sel claim than it is in any other type of 27.26 claim.

DONNELLY, Judge, dissenting.

For many years the members of the federal judiciary have been given carte blanche to govern the American people. Many have responded with enthusiasm. They have injected federal control into almost every facet of the lives and thinking of our citizens. Although bound, by oath or affirmation (Article VI), to support *all* of the Constitution of the United States, they have virtually excised the Tenth Original Amendment. Their arrogations are a matter of record. *See* Raoul Berger, *Government by Judiciary* (Cambridge: Harvard University Press, 1977). They have refused to recognize the ultimate question: shall *judges* be restricted to the exercise of those powers which derive "from the consent of the governed"? *The Declaration of Independence* (1776).[1]

However, no good purpose can now be served by considering what might have been. As has been eloquently said in different context, "it may be a quixotic tilt at windmills which belittles great principles of liberty. Only time can tell." *Kunz v. New York*, 340 U.S. 290, 295, 71 S.Ct. 312, 315, 95 L.Ed. 280 (1950) (Jackson, J., dissenting).

I cheerfully acknowledge that I am bound by the "supreme law of the land," as declared by the United States Supreme Court. (Art. VI, Constitution of the United States). I must also acknowledge, and reaffirm, that since 1966 the *lower courts* of the Federal judicial system have played an authoritative role in cases involving violations of the criminal laws of Missouri. *State v. Brizendine*, 445 S.W.2d 827 (Mo. banc 1969).

It is a fact that the United States Court of Appeals for the Eighth Circuit has encountered difficulty in fixing a standard by which effectiveness of counsel can be measured. *See Garton v. Swenson*, D.C., 417 F.Supp. 697 (1976). But that fact is of no

moment. The problem has vexed all courts since *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). Of importance is that the practicalities of our situation require that we ascertain and follow, if possible, the current standard articulated by the United States Court of Appeals for the Eighth Circuit. Unfortunately, this is more easily said than done.

In *Reynolds v. Mabry*, 574 F.2d 978, 979 (8th Cir. 1978), the Court said:

"The accepted standard for effectiveness of trial counsel is now established as that degree of performance which conforms to the care and skill of a reasonably competent lawyer rendering similar services under the existing circumstances."

In *U. S. v. Hood*, 593 F.2d 293 (8th Cir. 1979), the Court said:

"In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, *and that he was prejudiced thereby*." (Emphasis mine.)

I encounter no difficulty in adopting the standard for effectiveness of counsel "as that degree of performance which conforms to the care and skill of a reasonably competent lawyer rendering similar services under the existing circumstances." My problem is with the apparent requirement of a showing of prejudice. In my opinion, the teaching of *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), is that if effective assistance of counsel has been denied an accused, it will be presumed that the accused was denied a fair trial and his judgment of conviction will be set aside. If *Holloway* is, in fact, limited to conflict of interest situations (*Reynolds*, supra, 574 F.2d l.c. 981), then the teachings of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824,

---

1. It *is* poignant when a jurist, in the name of the great Cardozo, boasts of federal judges *routinely* engaging in "bureaucratic and administrative functions, such as overseeing [state] schools, [state] mental hospitals, and [state] prisons." *See* Kaufman, *Chilling Judicial Independence*, 88 Yale Law Journal 681, 686, 687 (1979); Benjamin N. Cardozo, *The Nature of the Judicial Process* (New Haven: Yale University Press, 1921).

17 L.Ed.2d 705 (1967) must apply. If *Chapman* applies, we would be compelled to hold that a failure of counsel to meet the "reasonably competent lawyer" standard would constitute federal constitutional error and that such error would compel an automatic reversal unless the reviewing court were able to declare a belief that the error was "harmless beyond a reasonable doubt." (*Chapman*, supra, 386 U.S. l.c. 24, 87 S.Ct. 824). In my opinion, *Hood*, supra, erroneously places the burden of showing prejudice on the accused. *Chapman*, supra, places the burden of showing lack of prejudice, beyond a reasonable doubt, on the State.

I must conclude that the Eighth Circuit analysis is flawed.

I respectfully dissent.