Paul Bunker BUCK, Appellant,

v.

STATE of Missouri, Respondent.

No. 30625.

Missouri Court of Appeals,
Western District.

July 31, 1979.

Thomas M. Dunlap, Fulton, for appellant.

John D. Ashcroft, Atty. Gen., Jefferson City, Earl W. Brown, III, Sp. Asst. Atty. Gen., Kansas City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

Appeal from trial court order denying motion to vacate sentence pursuant to Rule 27.26. Affirmed.

Three points of error are alleged on this appeal. First, it is contended appellant was convicted and sentenced twice for the same offense and hence, his constitutional rights were denied by violation of the prohibition against double jeopardy. As a second point, appellant contends ineffective assistance of counsel for failure of counsel to investigate appellant's driving record relative to Missouri statutes dealing with punishment for driving while intoxicated. Finally, appellant contends ineffective assistance of counsel alleging counsel did not adequately consult with appellant prior to appellant's entry of a guilty plea to driving while intoxicated, third offense. A hearing was conducted upon appellant's motion, and the trial court entered of record its memorandum of said proceedings, along with the order denying relief.

The record shows appellant was involved in a motor vehicle collision April 18, 1977, and was arrested in conjunction therewith. On April 19, 1977, appellant pled guilty to driving a motor vehicle while his license

was revoked, and received a 30-day sentence. On April 19, 1977, appellant was charged with driving while intoxicated, third offense, a felony under § 564.440, RSMo 1969. On April 19, 1977, a preliminary hearing was held on the felony charge. Appellant's counsel appeared and conducted the inquiry, including examination of witnesses.

Appellant was bound over for trial and the trial was set for September 7, 1977.

In the intervening period, from preliminary hearing to trial date, appellant moved to Louisiana, Missouri. The record shows appellant's counsel made effort by mail and phone to contact appellant for purposes of discussing the forthcoming trial. The record further shows, by appellant's own admission, that he made no effort to make himself available to his counsel and did not contact counsel.

Appellant was on bond and the morning of trial, appeared at the courthouse. A conference was held between appellant and his counsel relative to the proceeding with trial, or in the alternative, the entry of a plea of guilty.

Appellant's counsel testified at the hearing on the 27.26 motion and stated he was at all times prepared to try the case, advised appellant of his thoughts on appellant's chances with a jury and left the final decision to entry of the plea of guilty to appellant. Counsel also testified he was never requested, by appellant, to review appellant's driving record or the law on driving while intoxicated. Appellant testified he never requested counsel to check on the Magistrate Court record concerning his other offense.

Appellant elected to enter a plea of guilty. He testified under oath at the time of his plea that his counsel had done all that was requested of him and that he (the appellant) did not know of anything further his counsel could have done for him.

Following his sentencing and incarceration, appellant, in this proceeding, alleges he was denied effective assistance of counsel for failure of counsel to consult with him and for counsel's failure to review appellant's driving record.

The evidence herein fails to lend any credibility to appellant's contention.

The evidence further revealed that appellant's motion herein had been prepared by a fellow inmate and appellant never read the motion prior to its being filed.

■ All points raised by appellant are ruled against him. As to the matter of double jeopardy, the record clearly shows appellant pled guilty to two separate and distinct offenses which, by no stretch of the imagination, could premise the allegation of double jeopardy.

■ On the question of ineffective assistance of counsel, the record clearly establishes that the nonavailability of appellant prevented his counsel from meeting with appellant and that appellant did not respond to inquiries of counsel for a conference preparatory to trial of the offense with which appellant was charged.

On the question of counsel's failure to review appellant's driving record and the law regarding punishment relative to the offense of driving under the influence, appellant's own testimony fails to support such a contention.[1]

The order of the trial court is in all respects affirmed.

All concur.

---

1. The court is mindful of the rule adopted in *Seales v. State*, 580 S.W.2d 733 (Mo.banc 1979) and notes that this rule is prospective only and hence not technically applicable to the case herein. In addition, however, even if applied, the rule in *Seales v. State, supra*, would not establish ineffective assistance of counsel herein because of the total lack of evidence.