John J. PARSONS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31586.

Missouri Court of Appeals,
Western District.

Nov. 3, 1980.

Robert A. Simons, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, and Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This appeal follows a denial of post–conviction relief sought by way of a Rule 27.26 motion. An evidentiary hearing was conducted. Movant was represented by counsel throughout the proceedings. The judgment, in the form of an order overruling the motion, is affirmed.

Movant, in his only point of error, alleges the trial court erred in overruling his motion to vacate his sentence because he proved he was denied a fair trial due to ineffective and inadequate assistance of counsel.

On October 6, 1972, after a conviction by jury for the bombing murder of his wife, movant was sentenced on two counts. The first count was murder, first degree, for which movant received a life sentence. The second count was for causing an explosive device to be exploded, for which movant received a 99–year sentence to run consecutively to the life sentence. On appeal, the murder, first degree sentence was affirmed, but the conviction and sentence for the bombing were reversed and set aside, see State v. Parsons, 513 S.W.2d 430 (Mo.1974).

The only issue for this court to resolve is whether or not movant was denied effective assistance of counsel pursuant to the rule announced in Seales v. State, 580 S.W.2d 733 (Mo. banc 1979). Since movant was represented by counsel and a hearing was conducted, the rule of Fields v. State, 572 S.W.2d 477 (Mo. banc 1978) has been satisfied.

Testimony by movant, movant's former employer, trial defense counsel and movant's counsel on this motion was given at trial. The testimony most pertinent to these proceedings is that of the trial defense counsel. A lengthy, in–depth attack and examination of trial defense counsel was conducted by movant's current counsel.

Movant principally attacked trial defense counsel upon six points. These are (1) counsel did not adequately investigate and prepare the defense side of the case prior to trial and failed to interview or subpoena witnesses known to counsel prior to trial; (2) counsel failed to investigate and put forward movant's alibi defense; (3) counsel was ineffective at the time of trial due to his being distraught over the death of his wife just prior to trial; (4) counsel was ineffective upon his failure to object to certain exhibits alleged to be inflammatory in nature; (5) counsel was ineffective for his failure to suppress identification evidence of movant by a state's witness and (6) counsel was ineffective for his failure to discuss evidence concerning a search of

movant's employer's workshop for dynamite and refused to discuss other evidence, including witnesses, with movant for purposes of weakening the state's case.

Following the conclusion of the evidentiary hearing, movant was granted sufficient time to produce other witnesses, whom movant claimed would refute the testimony of his trial counsel. Neither of these witnesses nor further evidence of any nature was presented by movant.

The record reveals a detailed examination of trial defense counsel in the foregoing six points. In each instance, as to the extent trial counsel could recall, answers were given as to the type, nature and extent of the pretrial investigation, use of witnesses, discussion of the case with movant and others, the alibi defense, the issue of search of the employer's premises for dynamite and explanation that even though trial counsel's wife had been terminally ill for an extended period of time and died a short time prior to trial, trial counsel continued his active practice, including movant's defense.

What this case reveals is that some nine years following conviction, movant attacks his trial counsel's effectiveness in his (movant's) defense. This attack was pursued by movant's current counsel not only by way of an extensive investigation and examination at the hearing, but through further attack refuting trial counsel's testimony. The trial court concluded that except for conclusionary statements by movant and movant's former employer, movant offered no evidence of ineffective assistance of counsel.

The record herein bears out the conclusion reached by the trial court in that movant failed to prove his trial defense counsel was ineffective. Movant has failed to prove his claim of ineffective assistance of counsel as prescribed by the standard set forth in *Seales v. State, supra.* Review of this matter leads to the conclusion that the decision of the trial court was not clearly erroneous.

For the foregoing reasons, the judgment of the trial court is in all respects affirmed.

All concur.