Willis Glenn OWENS,
Petitioner-Appellant,

v.

STATE of Missouri,
Respondent-Respondent.

No. 42239.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 6, 1981.

Gary R. Sarachan, Sarachan & Fox, St. Louis, for petitioner-appellant.

John Ashcroft, Atty. Gen., Steven W. Garrett, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

SNYDER, Judge.

This is an appeal from a denial by the trial court of appellant's Rule 27.26 motion. Appellant moved to vacate his convictions on two counts of forcible rape, § 559.260, RSMo 1969, two counts of robbery in the first degree, § 560.120, RSMo 1969 and one count of sodomy, § 563.230 RSMo 1969, for which the total sentence was 16 years.

Appellant asserts that the trial court erred in finding that he was afforded effective assistance of counsel. He charges that he proved by a preponderance of the evi-

dence that his attorney failed to investigate his case thoroughly. The point raised is ruled against appellant and the trial court's judgment is affirmed.

Appellant argues that his attorney failed to investigate thoroughly the possibility of calling entertainer Richard Pryor as an alibi witness. Apparently Mr. Pryor is a celebrity of some note because appellant states in his brief that, "The impact on a jury by testimony of a celebrity such as Mr. Pryor would have been dynamic." Celebrity or not, a witness testifies to facts which are the only things that should impress members of a jury, and the trial court found a lack of evidence to prove that Mr. Pryor would have been an important alibi witness.

Appellant and Mr. Pryor had been together at an establishment called the Silver Dollar Lounge on the night in question. Mr. Pryor was willing to pay his own expenses to come to St. Louis from the west coast and testify for appellant. The evidence was conflicting on the question whether appellant's attorney told appellant that Mr. Pryor was willing to pay his own expenses. Arrangements were made for Mr. Pryor to appear at appellant's trial. In fact, a continuance was granted so that the trial could be set at a time when the witness was available.

When appellant's attorney talked with Mr. Pryor's attorney, however, and discussed the actual testimony, they discovered that Mr. Pryor's testimony would not provide an alibi for appellant because there was sufficient time after appellant's conversation with Mr. Pryor at the Silver Dollar Lounge for appellant to have committed the crimes.

■ Appellate review of a post-conviction proceeding is limited to a determination of whether the findings, conclusions and judgments of the trial court were clearly erroneous, Rule 27.26(j); and appellant has the burden of establishing the grounds for relief by a preponderance of the evidence. *Lahmann v. State,* 509 S.W.2d 791,

794[1–5] (Mo.App.1974). Rule 27.26(f). The Missouri Supreme Court has adopted the test of the United States Court of Appeals for the Eighth Circuit for ineffective assistance of counsel claims: " ' "In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that he was prejudiced thereby." [Citations omitted.] ' " *Seales v. State,* 580 S.W.2d 733, 736[3] (Mo. banc 1979).[1] Appellant has not shown that his attorney's performance was below that standard.

■ Appellant must show that his counsel's conduct prejudiced his case. *Seales, supra; Nelson v. State,* 537 S.W.2d 689, 695[9, 10] (Mo.App.1976). Appellant at the hearing on the Rule 27.26 motion did not show how his case was prejudiced by the failure of his attorney to investigate more thoroughly.

■ Appellant's complaint apparently is that counsel did not speak directly with Mr. Pryor but only with Mr. Pryor's attorney. Personal communication with the witness was not necessary in this case because counsel determined through the witness's lawyer that the witness's testimony would not furnish appellant with an alibi.

■ The failure of counsel to interview and call witnesses who would have established a defense would, if proved, entitle appellant to relief. *Chambers v. State,* 592 S.W.2d 542, 544[1] (Mo.App.1979). But here, by talking to Pryor's lawyer, counsel determined that Pryor's testimony would not have established a defense.

The situation is unlike that in *Thomas v. State,* 516 S.W.2d 761 (Mo.App.1974), cited by appellant. The attorney in *Thomas* relied upon pretrial motions to get the charges dismissed because of what he believed to be an unlawful arrest. He made

1. The test was adopted in *Seales v. State,* 580 S.W.2d 733 (Mo.App.1979) to apply prospectively to Rule 27.26 motions heard after its publication, April 25, 1979. Appellant's motion was heard June 28, 1979.

no attempt to contact the witnesses in order to ascertain whether they could provide a defense if the defendant was tried. Counsel's testimony in the case under review was that he had made arrangements for Mr. Pryor to be available at the trial and then when he and Mr. Pryor's lawyer "honed down the particulars for the testimony" they discovered that there was sufficient time after Pryor's conversation with appellant for appellant to leave Pryor and reach the scene at the time the two girls were abducted.

Appellant has failed to prove that his counsel did not render the degree of care and skill of a reasonably competent lawyer. *Seales v. State, supra.* The trial court found there was no evidence that Mr. Pryor would have been an important alibi witness. There was sufficient evidence to support this finding. The court was not clearly erroneous in denying appellant's motion. The judgment is affirmed.

CRIST, P. J., and REINHARD, J., concur.