STATE of Missouri, Respondent,

v.

Jerrold WRIGHT, Appellant.

No. 44749.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 19, 1983.

Joseph W. Downey, Public Defender, Mary-Louise Moran, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was convicted of receiving stolen property, a violation of § 570.080, RSMo.1978, and was sentenced as a persistent offender to fifteen years' imprisonment. He appeals. We affirm.

Sometime between 12:15 and 1:00 p.m., on December 30, 1980, someone stole Hasselblad camera equipment worth $8,000.00 from the offices of Obata Design. At approximately 1:30 that afternoon, defendant and another man attempted to sell that equipment to the sales manager of St. Louis Photo on Olive Boulevard. Shortly thereafter, defendant and the same man approached Jim Schneider of Lee's Pawn Shop located on Martin Luther King Drive and requested $700.00 for the equipment. Defendant was arrested in the pawn shop with the stolen equipment in his possession. He presented no evidence.

On appeal, defendant asserts the trial court erred in failing to grant his request for a continuance. On the morning of trial, the public defender appointed to represent defendant, filed a verified motion for a continuance. The motion alleged that a private attorney had been retained on five other pending criminal cases against defendant and if granted a continuance, defendant would retain private counsel. The motion further alleged that defendant had not conferred with the public defender. The public defender asserted she was not prepared and that defendant had refused to meet with her to prepare for his defense.

■ The granting of a continuance is within the trial court's sound discretion and, when the denial of a continuance is challenged, we indulge every intendment in favor of the trial court's exercise of discretion. *State v. Cheesebrew,* 575 S.W.2d 218, 225 (Mo.App.1978). The trial court's ruling will be reversed only upon a showing of a clear and certain abuse of discretion. *State v. Berger,* 618 S.W.2d 215, 217 (Mo.App. 1981).

The record establishes the following. Defendant was indicted on January 14, 1981. Arraignment was continued three times: on March 18, April 8 and April 15, 1981, "to

enable defendant to hire an attorney." Defendant was finally arraigned on April 22. An affidavit of indigency was filed and a public defender was appointed. Subsequently, the public defender filed a request for discovery, filed a motion to suppress evidence, a motion to suppress identification and a motion to suppress statements. On May 14, and again on May 29, 1981, the cause was "continued for defendant." On June 23, 1981, the cause was assigned to trial, at which time defendant's request for another continuance was denied.

The record further establishes that defendant had been represented in many previous criminal cases by Richard Fredman. While Fredman had obtained the continuances for defendant prior to arraignment in this case, Fredman at no time entered his appearance for the defendant. Fredman testified he had not entered his appearance or sought to represent defendant at trial because defendant "did not come up with the money." He testified that defendant understood the situation.

■ Admittedly, defendant has the right to hire private counsel, but that right is limited by the state's right to proceed to trial after he has been afforded a fair opportunity to engage his own counsel and adequate time to prepare his defense. This does not include the right to defeat or impede the orderly process of the administration of justice. *State v. Leigh,* 621 S.W.2d 515, 517 (Mo.App.1981).

■ Defendant was no novice in the judicial system. He had twenty prior convictions (nine felony and eleven misdemeanor convictions). Defendant was indicted on January 14, 1981 and was free on bond until June 17, 1981. In five months, he had been given five continuances and yet he had failed to make the necessary financial arrangements to retain private counsel. The responsibility for this rests upon defendant's own conduct. Based upon this record, we find that the trial court did not abuse its discretion.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.