**Richard Glen HARKINS,**
**Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 44376.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 7, 1983.

Thomas S. Hyatt, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

PUDLOWSKI, Presiding Judge.

The sole issue in this appeal is whether the circuit court erred in denying movant's 27.26 motion alleging ineffective assistance of counsel. We affirm.

Richard Glen Harkins, movant-appellant, was convicted of murder in the second degree and upon conviction was sentenced to life imprisonment. This conviction was directly appealed and affirmed. *State v. Harkins,* 535 S.W.2d 462 (Mo.App.1976). Thereafter, movant filed a 27.26 motion to vacate judgment and sentence. Counsel was appointed and the motion amended. An evidentiary hearing on the motion was held. Subsequent thereof, the circuit judge filed his findings of fact and conclusions of law in which he denied movant's motion.

Movant alleges that his trial counsel, Clement Kieffer, deceased, rendered ineffective assistance of counsel in his representation. This assignment of error is based upon Kieffer's failure to seek suppression of, or object to, the introduction of self-incriminating videotapes. Principally, movant alleges that these videotaped confessions were involuntary as they were the result of repeated threats and beatings by homicide detectives.

The court in its findings of fact and conclusions of law admitted that the testimony on which the State primarily relied to gain a conviction was the two videotaped statements given by appellant. It also found that appellant's trial counsel Kieffer had failed to file a motion to suppress the statements and to object at trial to their introduction into evidence on the grounds of involuntariness. However, citing the standard for ineffective assistance of counsel adopted in *Seales v. State,* 580 S.W.2d 733, 736 (Mo. banc 1979), the court found trial counsel's failure to take these very measures did not fall below the *Seales* standard.

In *Seales,* the Missouri Supreme Court expressly adopted the Eighth Circuit's standard for determining whether post-conviction (Rule 27.26) relief would be granted to a prisoner based on a claim of ineffective assistance of counsel. The rule thus adopted in Missouri is that "in order to prevail on

a claim of ineffective assistance of counsel, a defendant must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and that he was prejudiced thereby." *Seales,* at 736.

Appellant contends that the circuit court was in error because it failed to address the first part of the two-part *Seales* test, namely, whether Kieffer's failure to file a motion to suppress or object at trial to the videotaped statements on the grounds of involuntariness constituted a "failure to exercise the customary skill that a reasonably competent attorney would perform under similar circumstances." This argument is without merit. Our Supreme Court has specifically stated, in order for a defendant to prevail on a claim of ineffective assistance of counsel, he must show, in addition to "failure to exercise customary skills," that he was prejudiced. *Seales.* Failure to prove prejudice, is by itself, enought for a court to deny an ineffective assistance of counsel claim. *Gardner v. State,* 602 S.W.2d 769 (Mo.App.1980).

In the case at bar, the court held that movant failed to establish by a preponderance of the evidence that he was prejudiced by the failure of his counsel to object to the introduction of the videotapes. Appellate review is limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous. Rule 27.26(j). A finding is "clearly erroneous" if, after reviewing all the evidence, the court is left with the definite and firm conviction that a mistake has been made. *Holland v. State,* 581 S.W.2d 588, 589 (Mo.App.1979). Such is not this case.

In determining whether movant had been prejudiced by his counsel's inaction, the court took notice of trial transcripts which contained the videotaped confessions. Furthermore, the court took notice that the trial judge, Lackland Bloom, previewed the videotapes outside of the jury's presence. Judge Bloom concluded that the statements were freely and voluntarily made by the movant without any threats or coercion and with a full understanding of his rights.

Additional evidence presented by movant at the evidentiary hearing included the testimony of Detective Herbert Riley. Riley testified that movant's statements were completely voluntary, that no coercion or physical force was used, and that prior to making the statements movant was fully apprised of his *Miranda* rights. The only evidence offered in support of the motion was the testimony of movant and his brother, Gary Harkins. The court concluded that the testimony of the movant and his brother was not worthy of belief and was not credible. On review of a post-conviction motion to vacate judgment, the Court of Appeals is required to give due regard to the court's opportunity to hear witnesses and must defer to its determination of credibility unless it clearly and convincingly appears that it has abused its discretion. *Joiner v. State,* 621 S.W.2d 336 (Mo.App. 1981). We find no such abuse.

After a full review of the record in this case, we cannot conclude that the circuit court's findings of fact and conclusions of law resulting in the denial of movant's motion for post-conviction relief were clearly erroneous. The trial court found the videotaped statements to be voluntary. Movant, while testifying at trial, failed to mention any physical abuse. It wasn't until movant filed his post-conviction motion that the ineffective assistance of counsel argument was raised. Lastly, the circuit court discredited movant's testimony at the evidentiary hearing. For the foregoing reasons, the record indicates that the circuit court did not err in overruling movant's motion for post-conviction relief.

Judgment affirmed.

SMITH and KELLY, JJ., concur.