Kenneth Norman SMITH, Movant-Appellant,

v.

STATE of Missouri, Respondent.

Nos. 13263 to 13265.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 2, 1984.

Peter N. Sterling, Rolla, for movant-appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent in No. 13263.

Deborah Neff, Asst. Atty. Gen., Jefferson City, for respondent in Nos. 13264 and 13265.

PREWITT, Judge.

Movant filed three motions under Rule 27.26, seeking to vacate convictions and sentences for criminal offenses. In Case No. 13263 he seeks to vacate a ten-year sentence he received following a plea of guilty to a charge of robbery in the first degree. In No. 13264 he attempts to vacate two convictions and consecutive sentences of 15 and 14 years he received upon two counts of first-degree robbery. The counts were separately tried and juries found him guilty of both counts. In Case No. 13265 he seeks to vacate a conviction and sentence of three years for second-degree burglary following a guilty plea.

Movant was not represented by an attorney when he filed the motions. An attorney was appointed to represent movant and the attorney went to Jefferson City to see movant. At that time they discussed the witnesses movant wanted at the hearing.

The motions were consolidated for hearing before the trial court. When the hearing was called movant sought a continuance because certain witnesses were not present. Apparently no attempt had been made to subpoena them. When the continuance was denied he refused to allow the attorney to proceed because of the absence of those witnesses. The trial judge dismissed the motions and movant appealed. After briefing, the appeals were consolidated for argument, and, as the critical issues are the same, we discuss the appeals together.

The first point in each appeal is identical. They state: "The trial court erred in denying movant's application for continuance and dismissing his motion to vacate sentence because appointed counsel was derelict in his duty to file an amended motion and present movant's claims in a lawyerlike fashion."

■ A trial court has broad discretion in granting or denying a continuance, and that decision will not be reversed unless there is an abuse of discretion. *State v. Luallen,* 654 S.W.2d 226, 228 (Mo.App. 1983); *Phillips v. State,* 639 S.W.2d 270, 275 (Mo.App.1982).

■ Unless the party requesting a continuance because a witness is unavailable shows the materiality of the evidence sought to be obtained and the particular facts the witness will prove, a trial court does not abuse its discretion in denying the continuance. *State v. Luallen,* supra, 654 S.W.2d at 228. See also Rule 65.04. Before refusal to grant a continuance will constitute an abuse of discretion, a defendant must demonstrate that the denial prejudiced him. *State v. Lane,* 551 S.W.2d 900, 906 (Mo.App.1977).

The only indication as to what the witnesses might testify to came from mov-

ant's counsel. He stated of one of the witnesses, "I do not believe has knowledge of the—of the case, as it occurred." Of two others he said, "Mr. Manis was in the jail at the same time, and Mr. Cook was the co-defendant with the defendant (sic) in one—in one of the cases that's presently before the Court." The attorney said that what Manis might testify about would be covered by movant and his mother and sister. This would be "upon the issue of his voluntariness, whether—and to what extent he [movant] was influenced by drugs at the time of these offenses."

Movant's attorney stated that he was prepared to proceed and that he had witnesses' testimony prepared and available "as beneficial, or more so, than such testimony as he is seeking through his continuance".

The state contends that this appeal is not a proper forum to determine ineffective assistance of counsel, a question we need not decide as there is no showing that movant's counsel was ineffective.

■ In order to show ineffective assistance of counsel movant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington,* — U.S. —, —, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). See also *Seales v. State,* 580 S.W.2d 733, 735 (Mo. banc 1979); *Owens v. State,* 610 S.W.2d 706, 707 (Mo.App.1981).

■ An attorney handling a trial is in a better position than anyone else to know how a witness's testimony may help or hinder his client's side. Trial counsel's decision not to call a witness is a matter of trial strategy which will not be lightly judged to be erroneous. *Joiner v. State,* 621 S.W.2d 336, 339 (Mo.App.1981); *Tomich v. State,* 607 S.W.2d 811, 812 (Mo. App.1980).

*Jones v. Barnes,* — U.S. —, —, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987, 993 (1983),

discusses whether an appellant's appointed attorney must raise every issue urged by an appellant. There the court said that its decisions do not suggest "that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." The court "recognized the superior ability of trained counsel in the 'examination into the record, research of the law, and marshalling of arguments'". It stated that a rule that the client, not the attorney, be allowed to decide what issues are to be pressed "seriously undermines the ability of counsel to present the client's case in accord with counsel's professional evaluation."

The opinion noted that presenting matters which have no merit can weaken meritorious contentions. See —— U.S. at ——, 103 S.Ct. at 3312, 77 L.Ed.2d at 994. We think it is apparent that such is true, not only on appeal, but on the trial level. It is a mistake to try an issue that is going to be lost. The time, effort and emphasis are better put to a reasonably arguable issue. Counsel, whether appointed or otherwise, is in a much better position than the client to focus on the strength of the client's cause because of superior training and experience, and because the judgment of one who is personally affected by the result usually cannot be as objective as a person more detached from those consequences.

■ Counsel did not have to present every witness requested or contention claimed by movant. If counsel thinks contentions are unreasonable or may distract from others he believes have a better chance of being successful, it is not ineffective assistance of counsel to fail to raise them unless that decision causes the omission of a point that any competent lawyer would recognize as meritorious and likely to change the outcome.

■ What witnesses to call is a matter of trial strategy and here we cannot say that counsel was wrong. Counsel should not be required to take up his and the court's time to call a witness when that witness can add nothing legally relevant to the proceedings.

We have to presume that counsel's judgment was sound until he is shown to have erred and there is no such showing in the record here.

Defendant had sought a speedy hearing and when the time came for it to be held he refused to proceed. The trial judge announced that the motion for continuance would be overruled and that he intended to rule the motions that day. He encouraged movant to present evidence so the court "would be in a better position to decide the matter". In spite of this warning and advice, movant elected not to proceed. If the proceedings had continued we may have determined that movant's attorney was ineffective, or that failing to grant the continuance was an abuse of discretion, but without the hearing, we cannot say that counsel did not effectively represent him or that a continuance should have been granted.

Movant's claims may have been properly and effectively presented at the hearing had movant allowed that presentation to occur. Movant refused to continue, apparently relying on some belief or advice other than that of his attorney. Having made his decision, contrary to the attorney's advice, we cannot say that he is entitled to a new hearing just because he did not like the result that followed.

Movant's motion for leave to file letter and response, which we took with the case, is granted and those documents have been considered. However, they do not supply the missing requirement of showing that movant was prejudiced by his counsel's conduct.

Whether the motions were amended would not have made any difference because the motions were dismissed because movant refused to proceed, not because of any deficiency in them.

The first point of each appeal is denied.

The second point in each appeal asserts that the trial court erred in failing to enter

specific findings of fact and conclusions of law because Rule 27.26(i) requires findings and conclusions on all issues presented whether or not a hearing is held.

■ As movant did not supply any substantive evidence to support his motions the failure to make specific findings and conclusions was not erroneous. *Johnson v. State*, 615 S.W.2d 502, 506 (Mo.App.1981).

■ In addition, the reason that such findings are ordinarily needed does not require anything further than what the judge said. Findings are sufficient if we can determine from them whether the findings, the conclusions and the judgment of the trial court are clearly erroneous. *Trimble v. State*, 588 S.W.2d 168, 170 (Mo.App. 1979). Why the dismissal occurred was clear and further findings would not have accomplished any purpose. Point two of each appeal is denied.

■ Movant contends in the three appeals that the trial court erred in dismissing the motions because he alleged facts showing that he was entitled to have the motions sustained as a result of ineffective assistance of counsel in the criminal proceedings. In No. 13263 he alleges that the pleadings established that he was entitled to relief because he was under the influence of drugs at the time of his plea of guilty and because the warrant for his arrest was issued by a clerk without a determination of probable cause by a judge.

Even if we assume that the facts relating to these contentions as alleged in the motions are not refuted by the record, and if true would entitle movant to some or all the relief requested, these points, as well as those raised in movant's pro se briefs, must fail as they need evidence to support them and movant declined to present such evidence. Unadmitted allegations in such a motion must be proven and these were not.

The judgments of dismissal are affirmed.

MAUS, P.J., and HOGAN, J., concur.