Jerrold WRIGHT, Appellant,

v.

STATE of Missouri, Respondent.

No. 49274.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 28, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 16, 1985.

Application to Transfer Denied
Oct. 16, 1985.

Dave Hemingway, St. Louis, for appellant.

William Webster, Atty. Gen., Mary Elise Burnett, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Movant-defendant appeals the summary denial of his Rule 27.26 motion. Thereby he claimed that before trial his defense counsel wrongfully failed to "accept the state's plea bargain (of 9 years in prison) despite appellant's strenuously expressed desire."

Defendant then went to trial on the charge of receiving stolen property, was found guilty by a jury, and as a persistent offender was sentenced to fifteen years in prison. On appeal that judgment was affirmed. See *State v. Wright*, 650 S.W.2d 714 (Mo.App.1983).

After getting a change of judge, numerous continuances, and a change of defense counsel, finally public defender Mary Louise Moran was appointed as defense counsel. In denying defendant's motion to vacate the court had before it other testimony. This from previous hearings on defendant's pre-trial motions.

At those hearings the state showed that when Ms. Moran was appointed defendant was out on bond and she met him only the week before trial, that he refused to talk to her and had to be forcibly brought into the courtroom by a deputy.

In denying defendant's Rule 27.26 motion the court ruled defendant had failed to show, as here required, that he "had ineffective assistance of counsel at anytime."

On his present challenge to denial of his Rule 27.26 motion it was defendant's burden to show he was prejudiced by counsel's failure to exercise skill and diligence. *Seales v. State*, 580 S.W.2d 733[3] (Mo. banc 1979). The record refutes any such conclusion.

Affirmed.

DOWD, P.J., and CRANDALL, J., concur.